John W. Hersey et al.

v.

George F. Westover.

1. Forcible detainer.—In an action of forcible detainer under the statute, by a purchaser at a foreclosure sale, against a mortgagor in possession, the plaintiff must prove, not only a demand for the possession of the premises, but also that the defendant refused or neglected to surrender possession after such demand.

2. Practice—Excluded evidence.—Evidence offered, but excluded, can not be considered in favor of either party, as bearing on the issues in the case.

Appeal from the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding. Opinion filed July 25, 1882.

Mr. William B. Bradford, for appellants; that this being a statutory proceeding, the statute must be followed strictly, cited Schaumtœffel v. Belm, 77 Ill. 567.

It must be shown that the defendant unlawfully withholds possession after demand: Lehman v. Whittington, 8 Bradwell, 374; Wheelan v. Fish, 2 Bradwell, 447; Preston v. Zahl, 4 Bradwell, 425.

Messrs. Shufeldt & Westover, for appellee; that notice of sale under a power contained in a trust deed can not be inquired into in an action at law, cited Dawson v. Hayden, 67 Ill. 52; Wilson v. So. Park Com'rs, 70 Ill. 46.

Bailey, J. This was an action of forcible detainer brought by George F. Westover against John W. Hersey and Amanda E. Hersey to recover possession of certain premises known as 220 Park Avenue, Chicago. The plaintiff claims said premises as purchaser at a sale under a power of sale in a trust deed executed by the defendants; and the action is brought under the sixth subdivision of the second section of the statute in relation to forcible entry and detainer. At the trial the plaintiff, after proving his title to said premises, and the

service on the defendants of a demand in writing for possession, called as a witness the officer who served the demand, who testified that *at the time he made the service*, the defendants were in possession of said premises. No other evidence as to possession was given.

The jury thereupon found the defendants guilty of unlawfully withholding possession of said premises, and the court, after overruling the defendants' motion for a new trial, gave judgment on the verdict.

The evidence, in our opinion, does not sustain the verdict. The action is purely statutory; and the plaintiff can recover only where the case provided for by the statute is made out. The clause under which the plaintiff brings his suit gives an action of forcible detainer where land has been sold under a power of sale contained in a deed of trust, and a party to such deed of trust refuses or neglects to surrender possession thereof, after demand in writing, by the person entitled thereto. In order to recover, the plaintiff must not only prove his right to possession, and the service of a demand in writing, but also that the defendant, after such demand, refused or neglected to surrender possession. Until demand the possession is rightful, and unless the defendant is proved to have retained possession after demand, he can not be convicted of unlawfully withholding possession of the premises.

The evidence given, that at the time the demand was made, the defendants were in possession, neither proved nor tended to prove that they refused or neglected to comply with such demands or that at the date of the complaint they were in possession as therein charged. The demand was made December 2, 1879, and the complaint bears date December 22, 1879, and it was incumbent on the plaintiff to prove, as was averred in the complaint, that at the last named date the defendants were in possession.

The plaintiff seeks to apply to the evidence the rule that where a state of things is once established it will be presumed to continue until the contrary is shown. It is sufficient to say that the presumption thus sought to be invoked, only continues until a different presumption is raised from the

nature of the subject in question.     1 Greenl. on Ev. Sec. 41. It is met and overcome by the stronger presumption of innocence, or in this case, by the presumption that when the plaintiff by his demand made it unlawful for the defendants to longer retain possession of the premises in question, they performed their legal duty by complying with the demand.

The plaintiff also seeks to deduce some proof on this question from certain offers of evidence made by the defendants, which, on the objection of the plaintiff, was excluded. It is too plain for argument that evidence offered, but excluded, can not be considered in favor of either party, as bearing on the issues in the case, and it certainly would be unjust as it would be absurd, to allow the party, at whose instance it was ruled out, to have the benefit of any conclusions to be derived from it, or from the language employed by counsel in his offer to produce it.

The verdict being unsupported by the evidence, the judgment will be reversed and the cause remanded.

Judgment reversed.