Bowman v. Mehring.

## MARY A. BOWMAN
### v.
## MRS. FRITZ MEHRING.

*Forcible Detainer—Possession—Evidence.*

1. Forcible detainer can not be maintained unless defendant's possession is shown.

2. Where, in an action of forcible detainer, there is no proof of defendant's possession, a lease to which he was not a party is properly excluded.

[Opinion filed March 1, 1889.]

APPEAL from the Circuit Court of St. Clair County; the Hon. WM. H. SNYDER, Judge, presiding.

Messrs. FRANK B. BOWMAN and TURNER & HOLDER, for appellant.

Mr. ALEX. FLANNIGEN, for appellee.

There is no evidence in this case that defendant was in possession of the premises sued for at the time demand for possession was made, at the commencement of this suit, or at any other time, either before or afterward.

The action of forcible detainer is statutory, in derogation of the common law, and must be strictly followed. Schaumtoeffel v. Belm, 77 Ill. 567.

In forcible detainer for wilfully holding over after the termination of the tenancy the gist of the action is the holding over, and this must be proved by the plaintiff or there can be no recovery. Murphy v. Dwyer, 11 Ill. App. 246; Hersey et al. v. Westover, 11 Ill. App. 197.

In the latter case it is held that in order to recover, the plaintiff must not only prove his right to possession, and the service of a demand in writing, but also that the defendant, after such demand, refused or neglected to surrender possession.

Until demand, the possession is rightful, and unless the defendant is proved to have retained possession after demand, he can not be convicted of unlawfully withholding possession of the premises. Hersey et al. v. Westover, 11 Ill. App. 198; Cairo & St. Louis R. R. Co. v. Wiggins Ferry Co., 82 Ill. 230; Smith v. Killeck, 5 Gilm. 293; Dunne v. Trustees of Schools, 39 Ill. 578.

There is no such proof in the record of the case at bar. The court below could not do otherwise than instruct the jury to find for defendant.

The refusal of the court to admit the lease in evidence could do the plaintiff no harm; if it had been admitted, the plaintiff could not recover without proof that defendant unlawfully withheld possession of the premises, and having failed to make that proof the court would have been compelled to instruct the jury as it did anyhow, even if the lease had been admitted in evidence.

PHILLIPS, J.   This is an action of forcible detainer brought by appellant against appellee, to recover the possession of certain premises in the complaint described.   It is not shown that the relation of landlord and tenant existed between appellant and appellee, but it was sought to be shown that the husband of appellee leased certain premises of one John B. Bowman, since deceased, and a decree of sale of those premises to pay debts was had, and appellant became the purchaser. The lease made between John B. Bowman, since deceased, and the husband of appellee, since deceased, was offered in evi-

dence, but, on objection of appellee, was excluded, and that is assigned as error. On the close of appellant's testimony, on motion of appellee, the court instructed the jury to find the defendant not guilty.

A verdict and judgment was entered, and this is also assigned as error, and by appeal is brought to this court.

It was not claimed that the relation of landlord and tenant existed between appellant and appellee, nor is it claimed that such relation existed between appellee and John B. Bowman, deceased; but, that that relation existed between the husband of appellee and John B. Bowman. Before appellant could recover, she must have shown that appellee was in possession of the premises in the complaint described. There is no evidence in the record showing, or tending to show, such possession. That fact not being shown, the instruction to find the defendant not guilty was not error. Murphy v. Dwyer, 11 Ill. App. 246; Hersey et al v. Westover, 11 Ill. App. 197.

Appellee not being a party to the lease, and there being no proof of her possession of the premises, the lease could not have aided appellant. Its exclusion was not erroneous.

The judgment is affirmed.

*Judgment affirmed.*