# Jesse Holladay v. Chicago Arc Light & Power Co.

1. CONTRACT—*Whether a Lease or a License.*—Whether a contract is a lease or a license will be determined from the legal effect of its provisions, and not from what the parties may choose to call it or from the language used in it.

2. SAME—*Intention of the Parties Governs.*—An instrument is not a demise or lease, although it contains the usual words of a demise, if its contents show that such was not the intention of the parties.

3. TENANCIES—*Upon What Their Creation Depends.*—Whether a tenancy is created or not depends upon the intention of the parties, although such intention must, in most cases, be inferred from the circumstances which attend the case. In general, the question of possession will determine the matter.

4. LICENSE—*Distinguished from a Lease.*—An instrument which merely gives to another the right to use premises for a specific purpose, the owner retaining the possession and control of the same, confers no interest in the land, and is not a lease, but a mere license.

5. SAME—*Defined—Not Assignable.*—A license is an authority to do some act on the land of another, without passing an estate therein; it is a personal privilege, which can only be enjoyed by the licensee himself, and is not assignable.

6. SAME—*Assignment Extinguishes the Right.*—The licensee may destroy the privilege granted. He may abandon or release it, but he can not substitute another to his right; his assignment puts an end to the license.

7. LEASE—*Possession, its Essential Character.*—A lease possesses the property of passing an interest in the land and partakes of the nature of an estate. Exclusive possession is its essential character.

**Memorandum.**—In the Circuit Court of Cook County, on appeal from a justice of the peace; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Trial by jury; verdict and judgment for defendant; appeal by plaintiff. Heard in this court at the October term, 1894, and affirmed. Opinion filed December 6, 1894.

APPELLANT'S BRIEF, ULLMANN & HACKER, ATTORNEYS.

Appellant contended that the instrument in question is a lease; that its execution and delivery and the entry by the lessee created the relation of landlord and tenant between the original parties.

A right of way may be demised.    12 Am. & Eng. Ency. of Law, 660.

The relation being established, the assignee became liable for the rent. Sexton v. C. S. Co., 129 Ill. 318; Webster v. Nichols, 104 Ill. 160.

If there had been no lease, the appellee, by entering upon the use of appellant's property with knowledge of the rent demanded therefor, was under contract obligation to pay such rent even though it had originally refused to do so. Thompson v. Sanborn, 52 Mich. 141.

The appellee held over from year to year, and was liable for the year's rent. Clinton Wire-cloth Co. v. Gardner, 99 Ill. 151; Cairo, etc., R. R. Co. v. Wiggins Ferry Co., 82 Ill. 230; Clapp v. Noble, 84 Ill. 62.

APPELLEE'S BRIEF, TENNEY, McCONNELL & COFFEEN, ATTORNEYS.

A lease always creates an estate in the demised premises, and gives the tenant the right of possession, both against the landlord and strangers.

"The relation of landlord and tenant subsists by virtue of a contract, express or implied, between two or more persons for the possession of lands or tenements, in consideration of a certain rent therefor. Independently of the idea of a contract a lease also possesses the property of passing an interest, and partakes of the nature of an estate." 1 Taylor, Landlord & Tenant, Sec. 14.

"A license is an authority to do some act or a series of acts on the land of another, without passing an interest in the land." Ibid., Sec. 237a.

Proof of occupancy and payment of rent is not of itself sufficient to prove a tenancy. So, where the landlord sued for rent and proved a lease to a third person and that the defendant had occupied the premises, treated him as landlord and paid rent to him, but no assignment of the lease had been made, held, that he could not recover either for rent, or use and occupation. Wood, Landlord and Tenant, Sec. 3.

"An instrument can not operate as a lease, although words of demise are used therein, if it is evident that such was not the intention. Thus a lease for years or for any specific

Holladay v. Chicago Arc Light & Power Co.

term is a contract for the exclusive possession of lands or tenements; consequently an instrument that merely gives to another the right to use premises for a specific purpose, the owner of the premises retaining the possession and control of the premises, confers no interest in the land and is not a lease, but a mere license. Wood, Landlord and Tenant, Sec. 223.

A license is personal and exists only so long as the land belongs to the grantor, or as he permits its exercise. It may be revoked, even though a valuable consideration has been paid for it, unless it be of such a nature as creates an interest in, and a right to use, the land itself. Kamphouse v. Gaffner, 73 Ill. 453; Forbes v. Balenseifer, 74 Ill. 183.

Mr. Justice Shepard, delivered the opinion of the Court.

In December, 1886, the appellant, as party of the first part, and the Thomson-Houston Electric Illuminating Company, as party of the second part, entered into and executed a written instrument which was in form a lease, wherein and whereby, in consideration of certain moneys agreed to be paid, and other covenants and agreements to be kept by the party of the second part, it was recited that the party of the first part, has, for the term of one year, "demised and leased to the said party of the second part, in the city of Chicago, in the county of Cook, in the State of Illinois, the right to run their electric wires, properly boxed and protected, along wall under the sidewalks of the following buildings (describing them); provided said wires are placed in a neat and safe manner so as to be entirely satisfactory to the city authorities and to the tenants of said buildings."

There are certain other provisions with reference to a possible increase of fire hazard, and against sub-letting, which are not material to the view we take of the case. The wires were put in and the stipulated rent was paid for a period of five months by the Thomson-Houston company and for a further period of thirty-one months by the defendant in error.

The defendant in error bought out the Thomson-Houston Company in May, 1887, and by that purchase acquired the wires that had been put in along plaintiff's wall.

After paying the stipulated rent (so-called) to the end of the year 1889, the defendant in error refused to pay any more, for the alleged reason that the wires were no longer used except to supply tenants of those particular buildings with light.

This suit was brought to recover $128 rent, which accrued after December, 1889, and up to the time suit was begun, and in the justice's court a judgment for that amount was recovered.

Upon appeal to the Circuit Court, where the cause was tried before a jury, a verdict and a judgment in favor of the defendant in error was rendered. This appeal is from that judgment.

A controlling question in the case is whether the agreement entered into between the plaintiff and the Thomson-Houston Company was a lease or a mere personal license, for if the latter, it was not assignable, so as to create a privity of estate or of contract between the assignee and the appellant.

Whether a contract be a lease or a license will be determined, not from what the parties to it may choose to call it, nor from the language used, but from the legal effect of its provisions.

"An instrument is not a demise or lease, although it contains the usual words of demise, if its contents show that such was not the intention of the parties." 1 Woodfall's Landlord and Tenant, 125; Wood's Landlord and Tenant, Sec. 227.

Whether a tenancy is created or not depends upon the intention of the parties, although this intention must in most cases be inferred from the circumstances which attend the case. "In general, the question of possession will determine the matter." Alwood v. Ruckman, 21 Ill. 200; see, also, Gunning Co. v. Cusack, 50 Ill. App. 290.

"An instrument that merely gives to another the right to

use premises for a specific purpose, the owner of the premises retaining the possession and control of the premises, confers no interest in the land and is not a lease, but a mere license." Wood's Landlord and Tenant, Sec. 227.

A lease possesses the property of passing an interest in the land, and partakes of the nature of an estate. Taylor's Landlord and Tenant, Sec. 14.

A license is an authority to do some act on the land of another, without passing an estate in the land, and " being a mere personal privilege, it can only be enjoyed by the licensee himself, and is not therefore assignable so that an under tenant can claim privileges conceded to a lessee." Ibid., Sec. 237a.

Exclusive possession is essential to the character of a lease. Central Mills v. Hart, 124 Mass. 123.

Where a ladies' circle contributed largely to the expense of fitting up a hall in the basement of a church, under an agreement that they should have the use of the hall for their meetings and for fairs and parties, it appearing also that the hall was used by the church society for other purposes, and was let by the church society from time to time to other persons, it was held that the use the ladies' circle had of the hall not being exclusive, did not amount to a tenancy, and was a mere license. Hamblett v. Bennett, 6 Allen 140.

" That a license is a personal privilege and not assignable is a well settled principle. * * * Though a licensor may be estopped from recalling the privilege granted, the licensee may destroy it. He may abandon or release. He can not substitute another to his right. The cases are numerous in which it has been held that his assignment puts an end to the license." Dark v. Johnston, 55 Pa. St. 164.

The wires in question were run along the curb wall constructed in the street in front of the buildings named, and under the sidewalks which covered the spaces between the curb and the wall and the basements of the buildings, and did not occupy a space in width and thickness exceeding an inch square.

It appears to be undisputed that at the time the writing was executed, and during all the time for which rent is claimed, the appellant rented to tenants of the buildings the spaces under the sidewalks where the wires were strung, and that they were in possession of the spaces. It is also clear that there was no exclusive possession given or intended to be given, to the lessee or licensee of the area space within which the wires were strung, and no such exclusive possession was claimed by either company.

Every test which we can apply to the writing, forces us to the conclusion that it was not a lease, but was a mere license.

It being, therefore, a mere license to the Thomson-Houston Company under which the wires were put up, may the appellant recover against the appellee, who bought the wires?

The case was tried below by the appellant upon the theory that when the appellee bought out the Thomson-Houston Company, it became the assignee of the term created by the written instrument, at the option of the appellant, and holding over from year to year after the expiration of the term, it was liable for after-accruing rent.

That theory depends on the existence of an estate as between the original parties, which we have seen did not exist.

Without an estate to assign, there was neither privity of estate nor privity of contract between the appellee and the appellant.

No privity by virtue of an instrument not assignable can be created between the assignee and the grantor.

There was no liability by appellee to appellant arising under the written license to the Thomson-Houston Company, and if there was any liability it was for use and occupation.

The appellee offered to prove what was the reasonable value of the space that was occupied for the period that rent was claimed, but appellant, trying the case upon the theory already stated, objected to the evidence, and it was excluded.

There was other evidence tending to show that the appel-

Conservative Building Association v. Cady.

lant ceased to claim rent for the space in front of one of the buildings because the wires there placed were used only for the purpose of lighting that building, and there being also evidence that such had become the only use made of the wires in the spaces in front of the other buildings, and that on that account the appellee refused longer to pay. We can not say that the verdict was unsupported by evidence that the appellant had agreed not to charge for the space after the wires had ceased to be used for general purposes, or had waived his right to charge under such circumstances.

It is contended by appellant that it was error to admit evidence tending to show that the appellant had rented the spaces under the sidewalks to tenants of the buildings, but we think it was not error. That fact had a direct tendency to show that exclusive possession to the Thomson-Houston Company was not intended, and to elucidate the question of whether the writing was intended as a lease or as a license.

The judgment of the Circuit Court will therefore be affirmed.