(29 Misc. Rep. 133.)

### GOLDMAN v. NEW YORK ADVERTISING CO.

(Supreme Court, Appellate Term.    October 4, 1899.)

**1. LEASE—WHAT CONSTITUTES.**

A contract whereby one person gives another the authority, for a stated compensation, merely to use a wall of a house for advertising purposes during a specified time, does not constitute a lease so as to create the relation of landlord and tenant between the parties.

**2. CONTRACTS—PERFORMANCE.**

Where one person, by a written paper, gave another authority to use a wall of a house for advertising purposes for a year, there was no obligation on the part of the latter, whether the paper be treated as a simple contract or as a license irrevocable for a year, to remove at the end of that time the advertisement placed thereon, in the absence of any agreement in regard thereto.

Appeal from municipal court, borough of Manhattan, First district.

Action by Julius Goldman, as substituted trustee for the benefit of Florence M. Oppenheimer, under the last will of Francis W. Hutchins, deceased, against the New York Advertising Company. From a judgment for defendant, plaintiff appeals.    Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

Steinhardt & Goldman (H. N. Selvage, of counsel), for appellant.
A. W. Gleason, for respondent.

LEVENTRITT, J.    This action was brought to recover compensation for the use by the defendant, for advertising purposes, of the westerly wall of the house No. 204 East Ninety-Seventh street, in the city of New York.    From February, 1896, to February, 1897, the defendant had the use of the wall under a written contract, pursuant to which it had placed thereon the advertisement of one of its customers.    On the expiration of the agreement, a renewal was entered into, providing "that, for and in consideration of sixty-five dollars to be paid quarterly in advance, the party of the first part [plaintiff] leases unto the party of the second part [defendant] the westerly wall of the house known as 204 East 97th street, to be used for advertising purposes, situated in the city of New York, for the term of one year from date hereof, or so long as said premises shall be used for advertising purposes, with right of renewal for a like period of time on same terms and conditions."    The stipulated consideration mentioned in this renewal was duly paid, and throughout its term the display of the original advertisement was continued. There was no further renewal.    The advertisement was not painted out or obliterated in February, 1898, when the renewal expired, and has never been effaced.    The plaintiff sought to recover compensation computed at the rate provided for in the renewal agreement for the use of the wall for the 14 months succeeding February, 1898. On the trial the defendant gave evidence of notice to the plaintiff, to the effect that it would discontinue the use of the wall on the expiration of the renewal agreement.    There was some dispute as to the time when the notice was given, and considerable stress is laid by both counsel on this feature of the case.    In the view which we take,

however, even could the finding of the justice in the defendant's favor be disregarded, it would not avail the plaintiff, as the defendant was not chargeable, even in the absence of notice. Both upon the trial and upon the argument of the appeal from the judgment in favor of the defendant, both counsel have labored under a misapprehension of the nature of the relation which the agreement created between the parties. The appellant urges at length a series of propositions, unexceptionable perhaps, but inapplicable to this case. His main contention is that the agreement constituted a lease between the parties, and he consequently invokes the application of legal principles that obtain between landlord and tenant. He argues that the defendant, by failing to paint out his advertisement, became a "hold over"; that the plaintiff, as landlord, therefore had the option of treating him either as a tenant or a trespasser; and that, having elected to regard him as a tenant, liability for the rent attached. The respondent, apparently acquiescing in this view of the law, sought to escape responsibility by showing the existence of a custom which sanctioned his abandonment of the wall without removing the sign. The misconception of both sides arises from treating the instrument as a lease. The relation of landlord and tenant did not exist. The contract between the parties was not one for the possession and profits of lands or tenements. Under it no estate or interest passed to the defendant. No possession or right of possession to the realty or any part thereof vested in the defendant. The original, as well as the renewal, agreement merely gave it the authority, for a stated compensation, to do one particular act on the plaintiff's property, and no other. It had the right or privilege to use the plaintiff's wall for advertising purposes for one year, and there its rights and privileges ended. It could do nothing else to or with the wall; it could exercise no act of dominion over it. So far from having exclusive possession, it did not even have exclusive occupation of that part of the plaintiff's premises. It had the right of occupation only to the extent of displaying the advertisement of its patrons. Clearly the instrument was not a lease (Taylor, Landl. & Ten. [8th Ed.] § 14; McAdam, Landl. & Ten. [2d Ed.] 48, 51; Lowell v. Strahan, 145 Mass. 1, 12 N. E. 401), and consequently the alternative liability attaching to one holding over under a demise cannot be fastened on the defendant. In effect, the transaction between the parties amounts to a simple contract or bargain for the right to place signs upon the wall for a compensation. Reynolds v. Van Beuren, 155 N. Y. 120, 123, 49 N. E. 763. In the case just cited, the court of appeals, incidently construing an agreement similar to the one before us, say:

"While this paper is called a lease, it is manifestly nothing more than a mere license by the tenant in possession to the defendants to go upon the roof of the building and place advertisements upon the sign." Page 123, 155 N. Y., and page 763, 49 N. E.

In Lowell v. Strahan, supra, where a like contract was interpreted, it was said:

"This was a license, and not a lease. It was permission to do a particular act, namely, to affix a sign to the wall, and gave no authority to do any other

act upon the premises. The fact that the permission was paid for, and that the act permitted was a continuing one, are ordinary elements of a license. * * * It is clear in this case that the intention was that the licensee should have no other right in the premises than to affix his sign to them, and that every other right should remain in the defendant. An agreement of this nature cannot be construed as a lease; it must create either a license or an easement." Page 12, 145 Mass., and page 406, 12 N. E.

It is unnecessary, for the determination of this appeal, to decide whether the paper here in question created a license or an easement, or was merely a simple contract between the parties. It is sufficient that it was not a lease. Treated as a simple contract, there was no obligation on the part of the defendant to remove the advertisement at the end of the year. The plaintiff might have protected himself by inserting in the agreement a provision requiring the obliteration of the sign by the defendant, and then, in the event that the latter failed to comply with that term of the contract, remove it himself, and charge the defendant with the expense incurred. Regarding it as a license irrevocable for one year, no rights or duties devolved on the defendant upon the termination of that period. The plaintiff could then have removed the sign, but he could not have compelled the defendant to do so. The judgment below was correct in law, and must be affirmed.

Judgment affirmed, with costs to the respondent. All concur.