### Robert Preston v. Edgar R. Davis.

#### Gen. No. 4,207.

1. POSSESSION—*when evidence does not establish, in forcible detainer case.* Held, from the evidence in this case, that it did not appear that the defendant was in possession of the land claimed at the time demand was made upon and suit commenced against him.

2. FORCIBLE DETAINER—*what essential to maintain action of.* It is indispensable to the plaintiff's right to maintain forcible detainer that the possession of the defendant and his refusal to surrender his possession on demand, be established.

3. FORCIBLE DETAINER—*when complaint and judgment in, do not sufficiently describe the land in question.* The complaint and judgment in forcible detainer insufficiently describe the land in question where such description is as follows : "Lots numbered thirty-three and thirty-four in section twenty-six in township twenty-nine north, of range one west of the third principal meridian, situated in the county of Marshall, in the State of Illinois."

4. FORCIBLE DETAINER—*how complaint and judgment in, should describe the land in question.* The complaint and judgment in forcible detainer should describe the land by some recognized government survey, or else in some way which would enable an officer with a writ to find the premises without resort to extraneous aid to the description.

5. ADMISSIONS OF COUNSEL—*effect of.* Admissions of counsel upon the trial of a civil suit may obviate the necessity of proof of the subject-matter of such admissions.

6. OPENING STATEMENT OF COUNSEL—*when, not part of record.* An opening statement made by counsel is no part of the record and is, therefore, not before the Appellate Court, where it is not preserved by bill of exceptions.

7. DEED—*when general objection to the introduction of, is insufficient.* A general objection to the introduction of a deed is not sufficient to raise questions as to the uncertainties and imperfections in the description of the land thereby conveyed.

Action of forcible detainer. Appeal from the Circuit Court of Marshall County; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the October term, 1903. Reversed and remanded. Opinion filed March 14, 1904.

BARNES & MAGOON, for appellant.

J. H. FRANKLIN, for appellee.

MR. JUSTICE FARMER delivered the opinion of the court.

Plaintiff sued defendant in forcible detainer for the possession of ten acres of land. At the trial a jury was empaneled, but after the evidence was heard, by agreement of the parties, the jury was discharged and the cause submitted to the court "upon the evidence and testimony in the record, for decision and judgment." The court found the issues for plaintiff and rendered judgment that he "have and recover of the defendant, Robert Preston, possession of the premises described in the complaint herein, to-wit: Lots numbered thirty-three (33) and thirty-four (34) in section twenty-six (26) in township twenty-nine (29) north, of range one (1) west of the third principal meridian, situated in the County of Marshall, in the State of Illinois, and that writ of restitution issue therefor."

Defendant appealed, and among other objections claims it was not shown by the evidence that he was in possession of the land when demand was made on him for possession, nor when the suit was brought, and that the description of the land in the complaint is insufficient.

After a careful examination of the testimony in the rec-

ord as well as the abstract, we are of opinion these objections are well taken. It appears from the evidence that P. H. Davidson became the owner of the land in controversy. twenty-seven years prior to May 1, 1902, when he conveyed it to plaintiff. It joined a tract owned by defendant and his mother. The fence separating the two tracts decayed, and plaintiff's stock would pass over on the Davidson land, which was a timbered tract. Davidson testified that defendant had possession of the land a number of years before he had it, but never took possession of it as his tenant, and that he never rented it to him. In the spring of 1901, just about a year before Davidson sold the land to plaintiff, he contracted to sell it to defendant for $350, and received $75 of the purchase money, but as the remainder of the consideration was not paid within the time agreed, he conveyed it to plaintiff.

We fail to find any evidence that defendant was in possession when the contract for the purchase of the land from Davidson was made, or that he took possession in pursuance of it. Davidson testified that defendant paid him ten dollars once, and a load of poles worth three dollars at another time, for the use of the land, but when this was, is not stated. On direct examination Davidson was asked: "You say he (defendant) *had* been in possession of that land for several years;" and answered that he had for perhaps twelve or fifteen years, but what period of time was covered by those years, nowhere appears from anything that preceded or followed the statement. Further uncertainty is thrown on the question by the testimony of the witness on cross-examination, when, following the statement that defendant had not rented the land of him, nor taken possession of it as his tenant, he testified that "He (defendant) had possession of it for a number of years before I had it." Taken in connection with Davidson's testimony that he owned the land twenty-seven years before he sold it to plaintiff, we cannot say this evidence establishes that defendant was in possession when demand was made and suit brought. We find no evidence in the record tending to show that defendant

took possession in pursuance of his contract with Davidson to purchase the land, but which was never consummated.

It was indispensable to plaintiff's right to maintain his suit that defendant's possession be shown, and a refusal to surrender it on demand. Bowman v. Mehring, 34 Ill. App. 389; Hersey v. Westover, 11 Ill. App. 197. It is insisted by counsel for plaintiff that defendant's counsel in their opening statement to the jury admitted defendant's possession, and the court had a right to take these admissions into consideration together with the evidence. It is undoubtedly true that admissions of counsel on the trial of a civil suit may obviate the necessity for proof. In this case, however, if any such admissions were made, they have not been preserved for our consideration by the bill of exceptions. It contains nothing of the opening statement of defendant's counsel, nor any admission made by him at any time during the trial. Some of the propositions of law held by the court, indicate that statements or admissions of some character were considered in determining the case. If any such were made they should have been incorporated in the bill of exceptions. Inasmuch as they were not, we can only act upon what appears in the record.

We are also of opinion the description of the land in the complaint is insufficient. The land is described therein as lots thirty-three and thirty-four in section twenty-six, and the judgment follows this description. We do not understand this to be any recognized description of land, according to a government survey. Section twenty-six is not on the boundary of the township and is not one that is ordinarily laid off in lots by the government survey, so that something more than this mere description as lots, would be necessary to enable an officer with the writ to find the premises. Plaintiff's deed which was introduced in evidence, describes the land as lots thirty-three and thirty-four, "as described on plat, being a part of the south-west quarter of section twenty-six." What the plat referred to is, does not appear from the deed, and it was not offered in evidence. Perhaps the plat referred to, would make clear

all uncertainties and imperfections in the description.   Defendant's counsel objected to the introduction of the deed in evidence, but the objection was general and therefore not well taken.   If the objection had been made on the specific ground of imperfection of description, it is probable it would have been good, but in that event the introduction of the plat might have cured the objection.

For the reasons given, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*