## Albert Preiss v. Emil Naliborski.

FORCIBLE DETAINER—*when does not lie.* Forcible detainer does not lie to recover possession of land where it does not appear that plaintiff was dispossessed by the defendant but the defendant, at most, was merely guilty of a trespass.

Forcible entry and detainer. Appeal from the Circuit Court of Washington County; the Hon. JAMES E. DUNNEGAN, Judge, presiding. Heard in this court at the August term, 1906. Affirmed. Opinion filed March 15, 1907.

LEWIS BERNREUTER and J. A. WATTS, for appellant.

VERNOR & VERNOR, for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

It appears from the record in this case that for some 17 years prior to July 15, 1905, appellant was in possession of and claimed to own the northwest quarter of the northwest quarter of section 15, township 3 south, range 1 west in Washington county, which was inclosed by a fence and cultivated by him and his tenants; that for some time prior to the date named, one Paulina Powlowski claimed the title to a strip 12 feet wide off of the north side of said 40-acre tract.   On February 28, 1905, appellee, Emil Naliborski, presented his

petition to the commissioners of highways for a road for private and public use, of the width of 15 feet, commencing at a point near the west side of the 40-acre tract in question, thence running a little east of north along the east side of the Illinois Central right of way, across said track, to the north line of the tract, and thence east some 20 rods to intersect with the public road leading to a cemetery located adjoining to and just north of said 40-acre tract. In the petition Albert Preiss, Paulina Powlowski and the trustees of St. Michael's church, Radom, Illinois, were named as the owners of the land over which said road was to pass. The road as contemplated took 12 feet in width for 20 rods on the north side of the 40-acre tract, and three feet from the cemetery grounds directly north. Paulina Powlowski and the trustees of St. Michael's church filed releases of all damages for this portion of the road and a jury was called, which assessed damages to appellant for the rest of the road.

On April 15, 1905, the commissioners of highways made an order reciting the steps taken by them, including the making of a survey and plat, and declaring the road shown by the plat to be a private and public highway of 15 feet in width. Appellant did not remove his fences from the 12-foot strip on the north side of the 40-acre tract, and on July 15, 1905, the appellees, Emil Naliborski and his wife Rosie, cut down or broke the fences at each end of the tract in question and drove across it to the highway leading to the cemetery, claiming it was a public road. Appellant on the same day commenced suit against appellees in forcible entry and detainer, claiming that they unlawfully took and unlawfully withheld the possession of said premises from him.

After the fence was cut, appellant put up a sign notifying appellees not to go through the claimed road and they did not do so until sometime later, when the highway commissioners took the sign down and notified appellees that they could go through.

In the court below there was a trial by jury, a verdict finding appellees not guilty and a judgment against appellant for costs.

Appellant claims that improper evidence was admitted, improper instructions given for appellees and the court erred in overruling the motion for a new trial.    The evidence complained of was the record of the proceedings in the establishment or attempted establishment of the road in question. We think this evidence was clearly admissible as characterizing the act of appellees and their motives in passing over the premises in question.

One of the two instructions complained of was a general instruction and told the jury that a wrongful entry on land where possession is not divested, does not render the wrongdoer liable for forcible entry and detainer but is trespass only.    This instruction stated a correct principle of law and was properly given.    The other told the jury if they found from a preponderance of the evidence that at the time the defendants passed over plaintiff's land, they did not claim any right to the possession but only the right to travel over the same, they would be trespassers and would not be guilty of forcible entry and detainer.    This instruction was also correct as applied to the circumstances of this case.

We are of opinion that the evidence in the case did not show such a state of facts as entitled appellant to recover in forcible entry and detainer, and that the jury properly found appellees not guilty.    The object of the action of forcible entry and detainer, is to restore a person to the possession of lands or tenements of which he has been unlawfully deprived.    Restoration or possession appears to be the aim of the statute and section 2, chapter 57, Rev. Stat. (Hurd 1905), which states when the action will lie, recites that "the person entitled to the possession of lands or tenements, may be restored thereto in the manner hereafter provided" and then follow the several conditions under which the action may be sustained.    In this case it does not appear that appellees deprived appellant of the possession of his premises or that he had ever been out of possession thereof.    Admitting all of appellant's claims to be true, the most that can be said is that appellees were guilty of trespass.

The judgment of the court below is accordingly affirmed.

*Affirmed.*