(55 Misc. Rep. 330.)

### MANHEIMER v. GUDAT.

(Supreme Court, Special Term, New York County. July 15, 1907.)

LICENSES—POWER TO REVOKE.

> An instrument leasing the side wall of defendant's property to plaintiff for advertising purposes "until said wall is obstructed so it is not available for advertising purposes" grants a mere license, revocable at the owner's option.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Licenses, § 121.]

Action by Solomon Manheimer against William Gudat. Motion for preliminary injunction denied.

William Klein, for plaintiff.
Alfred T. Davison, for defendant.

DAYTON, J. The instrument relied upon contemplates the "lease" of the side wall of defendant's property on East Thirty-Fourth street to the plaintiff for advertising purposes, "until said wall is obstructed so it is not available for advertising purposes." A similar agreement has been explicitly held by the Appellate Term of this Department not to be a lease. Goldman v. New York Adv. Co., 29 Misc. Rep. 133, 60 N. Y. Supp. 275. The court in that case, however, found it unnecessary to decide, for the determination of the appeal, what the exact nature of the instrument was; intimating that it might be an easement, a simple contract between the parties, or a license. The instrument herein cannot be regarded as an easement; for, as was said in Greenwood Lake & P. J. R. R. Co. v. N. Y. & G. L. R. R. Co., 134 N. Y. 439, 31 N. E. 875:

> "An easement is a right without profit, created by grant or prescription, which the owner of one estate may exercise in or over the estate of another for the benefit of the former."

Nor can this agreement be considered as a simple contract between the parties, enforceable in a court of equity; for it is evident that the period is too indefinite. The condition relied upon for the termination of the agreement, to wit, when "said wall is obstructed so it is not available for advertising purposes," might never occur. To hold that such a contract was continuously enforceable in a court of equity, therefore, would be to incumber the realty with a restriction which might defeat its sale and prevent the owner from giving a marketable title. It would certainly be against the policy of the law to burden the land with a restriction founded upon an agreement not understood. Crosdale v. Lanigan, 129 N. Y. 610, 29 N. E. 824, 26 Am. St. Rep. 551.

Since the instrument is not a lease, and cannot be regarded as an easement, nor as a simple contract between the parties, it must be held to be a mere license, and as such, for the reasons above indicated, is revocable at the option of the owner. Crosdale v. Lanigan, supra. Such being the case, although it may seem a hardship upon the plaintiff that he may not be allowed to continue under what he evidently deems an advantageous agreement, he must be regarded as having knowledge of its uncertain duration under the law, and so to have assumed the risk that the so-called lease might be terminated at any time upon the exercise by the owner of his option to revoke the license.

Motion denied, without costs.