## William A. Wieboldt, Appellee, v. Best Brewing Company, Appellant.

## Gen. No. 15,808.

1. AGENCY—*when knowledge of agent cannot be imputed to principal.* The knowledge of an agent can be imputed to the principal only when it relates to facts within the scope of the agency.

2. AGENCY—*extent of authority of agent to collect rent.* An agent authorized to collect rents has no authority to change the terms of the lease or to consent to a substitution of tenants or occupants.

CHICAGO—FIRST DISTRICT—OCTOBER, 1911.    247

Wieboldt v. B. Brew. Co., 163 Ill. App. 246.

3. FORCIBLE DETAINER—*when lies.* Forcible detainer can be maintained only by persons who claim the right to present possession of the lands and tenements in question, and only against persons who are in such actual possession at the time suit is brought, with the one exception provided for in section 15 of the forcible entry and detainer act, which refers to the joinder of a lessee when a sub-lessee is in possession without the consent of the lessor.

Forcible entry and detainer. Appeal from the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed with finding of facts. Opinion filed October 4, 1911.

WINSTON, LOWY & McGINN, for appellant; CHARLES F. LOWY, of counsel.

LOESCH, SCOFIELD & LOESCH, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

This is a suit in forcible entry and detainer begun by appellee before a justice of the peace against Henry A. Westendorf, Best Brewing Company, E. W. Wallbaum, Mrs. Lacey, Lorin J. Howard, Abraham Gordon, Milton H. Spier and Leonard Spier, as defendants. It was there tried, appealed to the Circuit Court and there again tried, resulting in separate judgments against the several defendants. The defendant, Best Brewing Company, alone appeals to this court.

On March 23, 1903, appellee leased to Fabish, Kramer and Dumas the premises located at 1061 to 1071 Lincoln avenue, Chicago, for the term of five years to commence May 1, 1903, and end April 30, 1908, for the sum of $21,000, payable in monthly installments of $350, at the office of Haberer and Snow Company. The lease contained the stipulation that the lessees should not sub-let the whole or any part of the premises, or allow the same to be occupied by any other person or assign the lease, without the written consent of

248    APPELLATE COURTS OF ILLINOIS.

Wieboldt v. B. Brew. Co., 163 Ill. App. 246.

appellee; that all right to any notice or demand under any statute of the state relating to forcible entry and detainer was expressly waived, and that in case of default in the payment of rent, the appellee, at his election, and without notice, could declare the term ended. On June 15, 1903, this lease was assigned to Henry A. Westendorf with the consent in writing of appellee. On October 26, 1904, Westendorf, without the written consent of appellee, sub-let part of the premises to appellant for a term commencing November 1, 1904, and ending April 30, 1908, at a rental of $100 per month. Other parts of the premises were sub-let by Westendorf to various persons. On December 14, 1905, appellant leased the same premises it had rented from Westendorf, and for the same price, to Gordon Brothers, who went into possession. At the time this suit was commenced Abraham Gordon was in possession of the premises leased by appellant to Gordon Brothers, and no part of the premises in question was then in the actual possession of appellant. The rent that was paid by the Gordons was paid to appellant. At the time suit was commenced at least one month's rent or $350 was due from Westendorf to appellee and unpaid. There is nothing in the record to show that appellee ever received any rent from any of the sub-tenants of Westendorf or any one in possession of any part of the premises in question under him. Haberer & Snow Company, by an arrangement between them and Westendorf, had charge of the collection of the rents from the various occupants of the premises for Westendorf for a period of six months prior to the commencement of this suit, and during that period collected rents from some of the occupants of parts of the premises, including at least one installment of rent for the part occupied by the Gordons, but that rent was usually collected by Westendorf himself. When there was enough so collected to make one month's rent, the same was turned over to appellee. Whenever during a

month there was not enough collected from the various occupants of the premises to pay the rent, Westendorf, when he had the money, would make up the deficiency, and it was then turned over to appellee. When Haberer & Snow Company were collecting rents from the occupants of the premises, they were acting for Westendorf and not for appellee. There is nothing tending to show that appellee knew that Westendorf had any sub-tenants, or if he had, who they were, or whether they had paid their rent, beyond the fact that they were made defendants to this suit, unless the knowledge of Haberer & Snow Company of those facts can be imputed to appellee.

The knowledge of an agent can be imputed to the principal only when it relates to facts within the scope of the agency. Webber v. Indiana Nat'l. Bank, 49 Ill. App. 336; Mann v. Reed, 49 Ill. App. 406; Seaverns v. Presbyterian Hospital, 64 Ill. App. 463, and 173 Ill. 414; The Sangamon Coal Mining Company v. Wiggerhaus, 122 Ill. 279.

The only authority Haberer & Snow Company had to act for appellee was that given in the lease that was assigned to Westendorf, which was to receive the rents from Fabish, Kramer and Dumas up to the time they assigned their lease and after that from their assignee, Westendorf. They had no authority to receive rents from any one else or to consent to the change of the terms of the lease, or to a substitution of tenants or occupants. Whatever knowledge they acquired, therefore, as to who were occupying the premises or how, to whom, or when the rents were being paid by the occupants, other than Westendorf himself, was in relation to facts wholly outside of the scope of their authority as agents of appellee, and their knowledge of such matters cannot be imputed to him, neither can anything Haberer & Snow Company did in regard to those matters be deemed to be the act of appellee or operate to constitute appellants, or any of the sub-ten-

250     APPELLATE COURTS OF ILLINOIS.

Wieboldt v. B. Brew. Co., 163 Ill. App. 246.

ants or those occupying parts of the premises under them, the lessees of appellant.

Forcible entry and detainer is a possessory action. It is a statutory proceeding in derogation of the common law and must be strictly followed. Schaumtoeffel v. Belm, 77 Ill. 567; Bowman v. Mehring, 34 Ill. App. 389; Fitzgerald et al. v. Quinn, 165 Ill. 354. It can be maintained only by persons who claim the right to present possession of the lands and tenements in question, and only against persons who are in such actual possession at the time suit is brought, with the one exception provided for in section fifteen of the forcible entry and detainer act. (Chap. 57 R. S.) Preston v. Davis, 112 Ill. App. 636; Bowman v. Mehring, 34 Ill. App. 389; Hersey v. Westover, 11 Ill. App. 197.

Section 15, chapter 57 R. S. is as follows:

"Whenever there shall have been one lease for the whole of certain premises, and the *actual possession* thereof, at the commencement of the suit shall be divided in severalty among persons *with* or *other than* the lessee, in one or more portions or parcels, separately or severally held or occupied, all or so many of such persons, *with the lessee,* as the plaintiff may elect, may be joined as defendants in one suit, and the recovery against them, with costs, shall be several, according as their *actual holdings* shall respectively be found to be."

The only exception to the general rule, contained in this section, is, that the lessee *who is not in actual possession may be joined* with other persons *who are in actual* possession of different parts of the premises, and several judgments be rendered against them. The proof is positive that appellant was not in actual possession of any portion of such premises at the time this suit was begun. Neither was appellant a lessee of the appellee. It was a sub-lessee of the lessee without the consent of the appellee and in violation of the express terms of the lessee's lease.

Appellant being neither a lessee of appellee or in actual possession of any part of the premises in question at the time this suit was instituted, the judgment against it was erroneous.

The court erred in refusing to give the instruction to the jury asked by appellant, at the close of all the evidence, to find it not guilty.

Other rulings of the court are complained of by appellant, but as no reason is perceived why this case should be remanded, they are not considered.

The judgment of the Circuit Court is, therefore, reversed, without remanding the cause, with the finding of the facts to be incorporated in the judgment, that appellant was not a lessee of appellee, and was not in actual possession of the premises when this suit was commenced.

*Reversed without remanding, with finding of facts.*