John J. McClusky et al., Defendants in Error, v. James B. Nelson, Plaintiff in Error.

Gen. No. 5,547.

1. FORCIBLE DETAINER—*defendants must withhold possession when suit is commenced.* In forcible detainer, it is incumbent on plaintiff to prove that defendants were in possession and withholding the same at the time of commencement of the action.

2. FORCIBLE DETAINER—*joint judgment against landlord and new tenant.* Judgment for restitution in an action for forcible detainer cannot be rendered against both the tenant in possession and the landlord where there is no proof that the latter was in possession at the time of instituting the suit.

3. FORCIBLE DETAINER—*joint judgment indivisible.* A judgment against two defendants in forcible detainer is indivisible and, if erroneous as to one, must be reversed as to both.

4. FORCIBLE DETAINER—*where tenant has no notice of claims of prior tenant.* Where proof in forcible detainer tends to show that plaintiffs had abandoned their tenancy under a lease and they fail to show knowledge or notice of their rights and claims in the premises on the part of defendant when he entered into possession under another lease, the liability of the latter is not established.

5. LANDLORD AND TENANT—*when evidence of possession is incompetent.* Statements by painters at work in a building that they had been told to do such painting by the landlord are not competent as tending to prove the landlord to be in possession.

Error to the Circuit Court of Bureau county; the Hon. RICHARD M. SKINNER, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed March 12, 1913.

J. L. MURPHY, for plaintiff in error.

THOMAS N. HASKINS and J. L. SPALDING, for defendants in error.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

F. J. Seidl and John J. McClusky brought this action in forcible detainer before a justice of the peace on June 16, 1909, against James B. Nelson and Arthur

F. Seelig to recover possession of a tract of 16 or 18 acres known as Webster Park and Webster Park Base Ball Grounds in Hall town in Bureau county. Upon a jury trial in the Circuit Court upon appeal defendants were found guilty and the right of possession was found in plaintiffs, motions by defendants for a new trial and in arrest of judgment were denied, and there was a judgment that the plaintiffs have restitution of the premises from the defendants and that they recover their costs of the defendants and have execution therefor. Nelson prosecutes this writ of error to review said judgment.

On February 14, 1907, Nelson as the first party and William Hawthorne, McClusky and Seidl as the parties of the second part executed an instrument, whereby the first party leased to the second parties said tract of land, and in the first part of the instrument it was described as a lease for four years, commencing February 1, 1907. The second parties agreed to pay the first party $1,500 on certain dates in 1907; the second parties had the option to buy the premises on or before July 15, 1907, and if they did, the rent previously paid was to be applied on the purchase money; if they did not buy they had the privilege of renewing the lease from year to year for four years at an annual rental of $1,500, but the first party could sell the land at any time after July 15, 1907, and the second parties were to deliver possession at the end of any season on demand by said first party. The park season began in May or June and ended in September or October and the premises were not intended to be actually occupied the rest of each year. At the end of the first year Hawthorne abandoned the enterprise and it was orally agreed that McClusky and Seidl should have the premises another year on the terms named in the written lease. At the end of the second year, and after much effort by Nelson to collect the rent, the tenants were in arrears. Nelson sued them and levied upon personal property which

they had on the premises. There is evidence that they made Nelson a proposition to occupy the premises for the third year at a much lower rental and that Nelson refused, and that McClusky and Seidl then told Nelson they would not keep the premises any longer. This was denied by the defendants. Nelson then took possession of the premises and gave Seelig a written lease thereof for three years and put him in possession. Thereafter McClusky and Seidl came to take away certain personal property which they had left on the premises and found it in charge of a custodian under a levy in the suit by Nelson to recover the rent in arrear for the second year. That rent was afterwards collected in some way not here disclosed. McClusky and Seidl then brought this suit in forcible detainer against Nelson and Seelig.

The complaint did not charge an unlawful entry, but only that Nelson and Seelig unlawfully withheld possession of the premises from the plaintiffs. Nelson leased to Seelig on April 27, 1909, and the term was to begin on May 1, 1909, and Nelson put Seelig in actual possession soon thereafter and at least as early as the middle of May, and this suit was begun on June 16, 1909, and it was incumbent upon plaintiffs to prove that defendants were in possession on June 16. No demand for possession was made on Nelson. Nelson lived in Chicago, and there is no proof that he was ever in possession after he put Seelig in possession. One of the defendants testified that he went to the premises some time in May, 1909, and found Seelig in possession and some painters at work and asked them who told them to paint and they replied that Nelson did; that they were whitewashing and he asked Seelig who gave them leave and Seelig replied that Nelson did. The statements of the painters and of Seelig were not competent proof against Nelson and had no tendency to prove that Nelson was then in possession. Our attention is not called to any evidence to show that Nelson was in possession or

withholding possession when this suit was brought, and therefore the judgment that he restore the possession and pay the costs cannot be sustained. Godard v. Lieberman, 18 Ill. App. 366; Hinchliffe v. Espen, 30 Ill. App. 371. The judgment is indivisible and must therefore be reversed as to both defendants. Seymour v. O. S. Richardson Fueling Co., 205 Ill. 77.

In view of another trial we think it proper to say that instructions Nos. 10 and 15 given at the request of plaintiffs, are erroneous in apparently authorizing a recovery against both defendants when the case they state would not make Nelson liable. It is a serious question from the proofs whether plaintiffs had not abandoned the lease and refused to be further bound by it before Nelson leased the premises to Seelig. Our attention is not called to any proof that Seelig had any notice or knowledge that plaintiffs had or claimed any right in the premises when he took his lease and entered into possession, and it is not therefore clear that he is liable in this action, even if the lease to McClusky and Seidl had not been rescinded or abandoned. Fitzgerald v. Quinn, 165 Ill. 354.

The judgment is therefore reversed and the cause is remanded for a new trial.

*Reversed and remanded.*