**400 North Rush Inc., Appellee, v. D. J. Bielzoff Products Company, Appellant.**

**Gen. No. 45,654.**

Opinion filed May 5, 1952. Released for publication June 9, 1952.

SUEKOFF, FROST & SPIEGEL, of Chicago, for appellant.

HENRY W. KENOE, and RAPHAEL FINE, both of Chicago, for appellee.

MR. JUSTICE FRIEND delivered the opinion of the court.

Plaintiff brought a forcible entry and detainer proceeding, alleging that defendant unlawfully entered into and withheld possession of that portion of the southeast exterior wall of the building known as 400 North Rush street, located in Chicago, from the top of the sixth-floor windows to the roof, by erecting a sign thereon advertising defendant's products. Defendant filed a motion to dismiss the complaint on the ground that an action to recover possession of an exterior wall cannot be maintained either under the Forcible Entry and Detainer Act or under any common-law action, and for the further reason that the complaint failed to allege any of the conditions specified in section 2 of the Act (Ill. Rev. Stat. 1951, ch. 57 [par. 2]) [Jones Ill. Stats. Ann. 109.264]. Defendant's motion to dismiss the complaint, which had been amended, was overruled by the court; thereupon defendant filed its answer denying the allegations of the complaint, as amended. Motions for summary judgment by both parties were overruled, and the cause proceeded to trial upon the merits.

It appears that on March 6, 1948 plaintiff, as lessor, and defendant, as lessee, entered into a written lease, on a printed form with a typewritten rider, for the sixth and seventh floors of plaintiff's building, for a period of five years, to be occupied by the lessee for the purpose of distributing at wholesale alcoholic beverages. The stipulated rental was $1,530 per month. Paragraph 3 of the printed portion of the lease provided that lessee "will not allow any signs, cards or

124

placards to be posted, or placed thereon, nor permit any alteration of, or addition to any part of said premises, except by written consent of Lessor.'' Paragraph 15 of the typewritten rider makes the following provision: ''Subject to prior approval of the Lessor as to size, nature and construction, the Lessee shall have the right, privilege and option to affix an exterior sign on the river side of the building between the sixth and seventh floors window thereof, which sign shall advertise the business of the Lessee; provided however, that in no event will such sign be other than flush against the face of the building nor shall it be illuminated. Lessee agrees to submit plans and specifications of any proposed sign to the Lessor before commencing work of any kind toward the construction thereof. Lessee agrees that any sign so erected will conform with the building code and ordinances of the City of Chicago, as they may be constituted at the time of such construction. Lessee further agrees to save the Lessor harmless from any liens or other claims of any nature which might arise out of the construction or maintenance of any such sign and to repair any damage which might be done to the building in erecting or removing such sign.''

Early in 1948 defendant submitted for approval to Sol D. Adler, local agent for plaintiff, sketch of a proposed sign which was apparently not satisfactory to plaintiff. After further negotiation between Adler and George Broide, president of defendant corporation, Adler suggested that Broide communicate directly with Michael Fasman, vice president of the plaintiff corporation, in California. Following several letters and telephone conversations between these parties, defendant, in December 1948, erected the sign which is the subject matter of the forcible detainer proceeding. There is considerable dispute as to the effect of the letters and telephone conversations, de-

125

fendant contending and plaintiff denying that the lessor consented to the type of sign affixed by the lessee on the exterior wall. However, it will be unnecessary to discuss this phase of the case because, in the view we take, the legal questions presented are controlling.

Plaintiff takes the position that defendant, by virtue of affixing a sign to the outside wall of the demised premises, was a trespasser, and that the relation of landlord and tenant did not exist with respect to the wall. However, in the course of the trial plaintiff introduced in evidence the lease which clearly made the outside wall of the demised premises an integral part of the lease, as indicated from the quoted excerpt of paragraph 3 of the printed portion of the lease and paragraph 15 of the typewritten rider attached thereto. Counsel say that they have found no decisions in Illinois which directly touch upon the question whether a lessee of commercial premises is entitled to the use and possession of the exterior walls, but the question has been considered in other states. In *Lowell v. Strahan,* 145 Mass. 1, 12 N. E. 401, the court, in deciding that a lease of the first floor of a building gave the tenant the exclusive right to use it for the purpose of putting out signs and displaying goods, said: "In the case at bar the words of description naturally include the premises in question,—the outer wall. It is plain that the lease grants an interest in them, not merely like the incidental right of support or shelter which it grants in the land and other parts of the house, but the right to use and enjoy, as leased premises, for the purposes of business. That right is exclusive. The landlord has no right to use or to let it for such purposes. From the mere demise, without regard to special provisions of the lease, there is no reason that the landlord should be regarded as having rights in the outside different from what he has in the inside of

126

the wall. . . . The actual possession and use of the wall by the tenant which the parties obviously intended is substantially that of leased premises, and it would be very difficult to define or fix the respective rights of the parties in it, except on the assumption that it is a part of the demised premises.''

A similar conclusion was reached in *Riddle v. Littlefield,* 53 N. H. 503, 16 Am. Rep. 388. There the plaintiff, as lessor, claimed that he was solely entitled to the use of the exterior wall for the purpose of posting advertisements for compensation, but the court held otherwise, and the judgment was affirmed with the following observation: ''Who, then, shall occupy the exterior walls of the demised building? The landlord, who for a sufficient consideration has parted with the possession and use of the property, *usque ad filum viae* (if it is bounded by a street)? or the tenant, who cannot have the full and complete as well as reasonable beneficial enjoyment of the property for which he pays rent, without the opportunity to display his wares and his advertisements upon the external walls of the building? . . . It would be singular if a landlord, who had leased a building for the purposes of trade, might occupy the outer walls of the same building for displaying the advertisements of a rival trader; but this result might very probably follow, if the lessee might not control the use of the exterior walls.''

See also *265 Tremont Street v. Hamilburg,* 321 Mass. 353, 73 N. E. (2d) 828; *Stahl & Jaeger v. Satenstein,* 233 N. Y. 196, 135 N. E. 242; *Snyder v. Kulesh,* 165 Iowa 748, 144 N. W. 306.

It thus appears that the authorities in other states are in accord in holding that the exterior walls of leased premises are part and parcel of the demise to the lessee; and if that be the rule (as we think it is), there could have been no trespass by defendant in the in-

stant case when it affixed the sign to an exterior wall which had been leased to it.

It follows that since the exterior wall was included in the premises leased to defendant, an action to recover possession of part of the demised premises cannot be obtained by forcible entry and detainer proceeding. If there was a breach of a condition of the lease, plaintiff had available its remedy under section 9 of the Landlord and Tenant Act (Ill. Rev. Stat. 1951, ch. 80) [Jones Ill. Stats. Ann. 72.09] by terminating the lease and suing for recovery of all the demised premises; or if the sign was improperly erected and without the landlord's consent, plaintiff could have invoked the remedy of a mandatory injunction to compel the removal of the sign; but an action for forcible entry and detainer was not the proper remedy.

For the reasons indicated the judgment in favor of plaintiff is reversed, and the cause is remanded with directions to enter judgment against plaintiff and in favor of defendant.

*Judgment reversed and cause remanded with directions.*

BURKE, P. J. and NIEMEYER, J., concur.