D. J. Bielzoff Products Company, Appellee, v. James B. Beam Distilling Company, and Triangle Sign Company, Inc., Appellants.

Gen. No. 46,191.

Opinion filed October 19, 1954. Released for publication January 4, 1955.

HENRY W. KENOE, RAPHAEL FINE, and ARVEY, HODES & MANTYNBAND, all of Chicago, for appellants; RAPHAEL FINE, of Chicago, of counsel.

SAMUEL S. SIEGEL, of Chicago, for appellee.

MR. JUSTICE ROBSON delivered the opinion of the court.

D. J. Bielzoff Products Co., plaintiff, filed its action of forcible entry and detainer against James B. Beam Distilling Co. and Triangle Sign Co., Inc., defendants, to secure possession of a portion of the exterior wall of a building at 400 North Rush street, Chicago, Illinois. The facts were stipulated and the trial court found that the defendants unlawfully withheld possession of the wall by painting and maintaining a sign thereon and entered judgment for the plaintiff. Defendants appeal.

The principal question presented by this appeal is whether the plaintiff, the lessee of two interior floors of a building, may maintain an action of forcible entry and detainer to recover possession of the exterior surface of the walls of the floors which it rented. Defendants contend they were mere licensees and that the action of forcible entry and detainer being in nature possessory, cannot be maintained against them.

The pertinent portions of the stipulated facts pertaining to the question are that on March 6, 1948, plaintiff entered into a lease with 400 North Rush, Inc., as lessor, for the entire sixth and seventh floors of lessor's building. Plaintiff is engaged in manufacturing, bottling and selling liqueurs, cordials, whiskey, etc. At the time plaintiff entered into a lease, a Coca-Cola sign covered the entire southwest wall of the building. This was pursuant to an agreement made in November of 1945 between plaintiff's lessor and R. F. Nylon and Associates. This agreement expired but the Coca-Cola sign remained. Subsequently on February 7, 1951, defendant Triangle Sign Co., Inc., entered into an agreement with plaintiff's lessor for the use of the outer walls. Triangle entered into an agreement with

defendant James B. Beam Distilling Co. to paint a sign advertising its product on said wall which was painted over the Coca-Cola sign on April 1, 1951.

Plaintiff's lease with its lessor was the subject matter of a forcible entry and detainer in the case of *400 North Rush, Inc. v. Bielzoff Products Co.,* 347 Ill. App. 123, May 1952. The First Division of this court held that the plaintiff had the right, subject to the consent of the lessor provided for in the lease, to post its own signs, cards or placards on the outer walls of the floors of the building which it occupied and *that these walls were part and parcel of the lessor's demise to the plaintiff.*

■ At common law forcible entry and detainer were distinct actions—criminal and not civil. The object of our statute (Ill. Rev. Stats. 1951, chap. 57 [Jones Ill. Stats. Ann. 109.263 et seq.]) was to prevent breaches of the peace by compelling aggrieved persons to assert their rights by peaceable means through the courts. The proceeding is summary. Title cannot be inquired into. Equitable defenses cannot be entertained. The gist of the action is either a forcible entry or wrongful detention. *Burns v. Nash,* 23 Ill. App. 552. The right to immediate possession is all that is involved or that can be determined. This is the issue that we must determine.

■ In the instant case plaintiff was entitled at all times to the exclusive possession of the exterior walls of the floors occupied by it. *400 North Rush, Inc. v. Bielzoff Products Co., supra.* Defendants claimed rights as licensee were with plaintiff's lessor, who it was determined by this decision had no right to enter into the agreement. Defendants by painting and placing a sign advertising a product of one of plaintiff's competitors on the outside wall of the building disseized plaintiff from its paramount right of possession to its portion of such wall. As long as defendants' sign re-

533

mained, plaintiff was disseized and deprived of the possession to which it was lawfully entitled. Defendants cite *Bowman v. Mehring,* 34 Ill. App. 389, 390; *McClusky v. Nelson,* 179 Ill. App. 182, 184; *Wieboldt v. Best Brewing Co.,* 163 Ill. App. 246, 250; and *Preiss v. Naliborski,* 133 Ill. App. 205, in support of their contention that forcible entry and detainer could not be maintained. In each instance the defendant was a mere temporary trespasser. He had not disseized the plaintiff and retained possession wrongfully as is the fact in our case. These cases are clearly not in point.

■■ If it were to be assumed that defendants had obtained rights under the license agreement with plaintiff's lessor so that a sign could be painted on the outside of the building, the decision in *400 N. Rush, Inc. v. Bielzoff Products Co., supra,* reversing the trial court gave plaintiff the right to revoke this license. In the case of *Dunstedter v. Dunstedter,* 77 Ill. 580, the issue presented to the court was whether forcible entry and detainer could be maintained against a licensee who was in possession of a barn. Both parties to the action claimed the right to possession of the barn. The court held that in the absence of a contract or agreement between the parties a licensee whose license had been revoked by notice could not withhold possession of the premises and exclude the licensor from its occupancy. This case is cited and approved in *Aubuchon v. Foster,* 202 Mo. App. 225, 215 S. W. 781. The same principle would apply in the instant case.

■ Defendants cite *Holladay v. Chicago Arc Light & Power Co.,* 55 Ill. App. 463; *Lowell v. Strahan,* 145 Mass. 1, and *Goldman v. New York Advertising Co.,* 29 Misc. 133, 60 N. Y. Supp. 275. These cases hold that an agreement letting an outer wall is in reality a license and not a lease. Cf. *Reynolds v. Van Beuren,* 155 N. Y. 120, 49 N. E. 763; *Just v. Stewart,* 23 Manitoba L. R. 517, 12 D. L. R. 65. In none of these cases was the issue

raised as to whether forcible entry and detainer could be maintained against a licensee wrongfully withholding possession. These cases are, therefore, not in point.

██ We conclude that the trial court properly permitted the action of forcible entry and detainer.

██ Defendants' next contention is that even if plaintiff can maintain its action it is estopped because it had actual knowledge of the presence of the Coca-Cola sign on the side of the building when it entered into the lease and, therefore, must be held to have accepted the premises as they were. Defendant Triangle was not a party to the agreement under which the Coca-Cola sign was placed upon the wall. This was an earlier and different agreement. It would be a great injustice to say that plaintiff by allowing this sign to remain after the expiration of the agreement pertaining to it, gave implied consent to a new sign which advertised a competitor's product under a subsequent agreement to which it was not a party and which its lessor had no power to enter into as far as it was concerned. We see no merit in this contention.

██ Defendants next contend that in forcible entry and detainer the trial court has no power to enter a *nunc pro tunc* judgment order. The facts on this point follow. Plaintiff's lease expired on April 30, 1953. This action was commenced on June 19, 1951. The stipulation of facts and evidence was filed January 16, 1953. The court announced its decision on April 30, 1953. On May 4, 1953, defendants filed a motion to dismiss because the questions involved had become moot. This motion was denied and on May 5, 1953, a judgment was entered for plaintiff *nunc pro tunc* as of April 30, 1953. On the same day defendants filed their notice of appeal and an order was entered fixing the appeal bond. Defendants contend that because appeals under the Act must be perfected within five days from rendition of judgment, to allow the entry of a *nunc pro tunc* judg-

535

ment effects a hardship. Defendants brought to the attention of the court by their motion to dismiss, the fact that plaintiff's rights under its lease expired April 30, 1953, as of which date the judgment under the *nunc pro tunc* order was made effective. They perfected their appeal and have presented the issues for consideration of this court and therefore even though the trial court could have been in error in entering the judgment they are not prejudiced thereby. *Monson v. Kill,* 144 Ill. 248; *Monson v. Jacques,* 144 Ill. 651.

The decree of the trial court is affirmed.

*Decree affirmed.*

SCHWARTZ, P. J., concurs.

TUOHY, J., took no part.