Blumenthal v. Roll.

24   113
116   203

BLUMENTHAL, Appellant, v. ROLL et al., Respondents.

1. The *opinion* of a surveyor as to the proper *location* of a concession or grant, is inadmissible in evidence to determine such location.

*Appeal from St. Louis Land Court.*

William H. Cozens, as appears from the bill of exceptions, testified as follows : " That he is a surveyor of lands, and has been such since the year 1836.  He was born here ; knows the Grand Prairie common field lots, and has become acquainted with them in the course of employment of a surveyor ; that he located many lots in the southern part of said Grand Prairie common fields under engagements with the United States surveyor general in the capacity of a deputy of that officer.  During the progress of this work, he was required to make investigations of claims south of the St. Charles road, in the course of which he examined witnesses, among whom were the oldest residents of this place, from sixty-five to eighty years of age, who showed him the location of the earliest occupants of land in these common field lots.  Amongst these witnesses were Antoine Smith and Jacques Labbie.  He knows the Chancillier tract ; and from his knowledge of the location of lots in the Grand Prairie in early times, before the change of government, acquired in manner above stated, he believes the true position

of it as located by Brown's survey given in evidence. North
of Chancillier lies the lot formerly surveyed by Duralde for
Keircereau, which I believe to be correctly located, joining .
Chancillier on the north. . South of Chancillier's a lot is sur-
veyed by the United States for Calve, as appears by the con-
nected plat of the United States survey of the Grand Prairie
common field lots. [The plat here referred to is the same
above mentioned, and the witness spoke of lots as located
thereon, looking on the plat while testifying.] In the course
of my regular employment as above stated, I had to examine
the correctness of the survey of the Calve claim, and, in my
opinion, it does not belong *next* south of Chancillier. The
claim of Hervieux, of two by forty arpens, belongs there. The
Hervieux tract is not located by the United States survey at any
place. Next south of Hervieux the lot of Auguste Condé should
be located. The claim of Calve, called for by his concession,
should be located in the Cul de Sac, south of the Grand Prai-
rie. The survey of Calve's claim by the United States was
made in 1841 or 1842. The land surveyed for Calve, prior to
its being surveyed, was open, unoccupied land, and never was
located as a common field lot for any one else, by survey by
the United States, before it was surveyed for the Calve claim.
I locate Hervieux next south of Chancillier, because he has such
location by the calls in the archives. Condé is located south
of where I think Hervieux belongs, and Condé's concession
calls for *Hervieux*. Acting as a public officer, employed by
the United States, I spent three years in locating and in making
the investigations for locating the lots in the Grand Prairie
common fields. The value of the land in dispute is worth from
ten to fifteen dollars per month. I have made search in the
proper offices for a concession to Calve for the land surveyed
to satisfy his claim, and could find none. I know the Her-
vieux concession ; it lies, in my opinion, south of Chancillier
and corners on the land surveyed to Calve."

Cross-examined. " Have known the Chancillier tract since
1837 or '8. As to the Kiercereau lot, as surveyed by Duralde

and Marshall, on the connected plat of the Grand Prairie com-
mon field lots, I have examined the records—think it correctly
located.   Kiercereau was the most southern lot surveyed by
Duralde, and calls for no one on the south.   I surveyed the lot
confirmed for Lemonde.   The Dunegan survey was made before
I commenced—in 1842 or '3.   I began my survey in 1845."   The
witness takes the concession to Hervieux in his hand, and having
read it, says:   "I might locate it either north or south of Chan-
cillier, looking at this concession alone.   Kiercereau was loca-
ted by Duralde and also by Joseph C. Brown.   I found Kier-
cereau fixed by the United States where it now is, and also
Dunegan, and was told not to touch the survey then made, and
acted upon them as though correctly located.   But for the sur-
vey already made of the Kiercereau land when I commenced
my work there, it and Chancillier might as well be ten arpens
apart, so far as I know.   I was told by the surveyor general
not to disturb the surveys in the Grand Prairie already made.
I do not now recollect why I located Lemonde, as it was sur-
veyed by me, as it stands now in this plat."

   *F. A. Dick*, for appellant.
   *W. L. Williams* and *Minor*, for respondents.


   LEONARD, Judge, delivered the opinion of the court.

   The question upon the trial of this cause was as to the pro-
per location of one-half of the St. Louis common field lot
conveyed by Chancillier to Gamache in January, 1773, under
which the plaintiff claimed the premises in question.   The only
description of the land given in the deed is in the language of
the translation furnished us by the parties :   " One-half of an
arpent of land in front by forty arpens in depth," being " a
portion of a larger tract which he (Chancillier) owns, from hav-
ing had the same conceded to him by the king, situate in the
Grand Prairie, lying to the west of said post (St. Louis),
bounded on one side by the land of Jean Baptiste Hervieux,
gun-smith, and on the other side by the part remaining to the

said Chancillier." In order, therefore, to ascertain the half conveyed to Gamache, it was necessary to determine the position of the Hervieux lot, whether north or south of the lot conceded to Chancillier; and the only evidence given for this purpose resolved itself, at last, into the opinion of Mr. Cozens, a practical surveyor, who gave it as his opinion that the Kircereau lot lay next north of Chancillier, and the Hervieux lot next south of Chancillier, in the position now occupied, according to the United States surveys, by the lot conceded to Calve, which the witness thought ought to have been surveyed in the *Cul de Sac;* and the court having declared that, on the proof given, the plaintiff was not entitled to recover, the question for our decision is, whether the surveyor's opinion, as to the locality of the Hervieux lot, was sufficient to require the court to submit the case to the jury.

Mr. Cozens testified to the effect that he was a land surveyor, and knew the Grand Prairie common fields; that he became acquainted with them in the course of his employment under the United States surveyor general as a deputy of that officer, during which he had located many lots in the southern part of these fields; that during the progress of the work, in which he was engaged about three years, he was required to investigate the claims lying south of the St. Charles road, in the course of which he examined old witnesses, who showed him the location of the earliest occupants of the land, and that he had in this manner become acquainted with the position of the lots in the Grand Prairie in early times, before the change of government.

In ordinary cases, the opinions of a witness can not be submitted to a jury, for the reason that it is the province of the jury and not of the witness to draw the proper inferences, for which purpose it is supposed they have sufficient knowledge. When, however, the solution of the question requires a degree of skill which is usually confined to persons exercising a particular act or profession, and is not possessed by men generally, persons skilled in such matters are allowed to give their

opinions. This class of cases, however, ought not to be unnecessarily extended ; and opinions should not be received except where they are the only means of enabling a jury to come to a correct conclusion. In Davis v. Mason, (4 Pick. 156,) the opinion of a practical surveyor, whether piles of stones and marks on trees were monuments of boundaries, were received ; and in Heirs of Farrar v. Warfield and wife, (8 Mart. N. S. 695,) a surveyor was not allowed to give his opinion as to the proper location of a grant, but was required to state facts, leaving the court and jury to make the proper inference from them. The two cases are consistent, and both opinions, we think, are correct. (Evans v. Greene, 21 Mo. 170.)

Although at the trial the evidence was received without objection, yet we are all clearly of opinion that it was insufficient to authorize the court to submit the case to the jury, and the judgment is therefore affirmed.