JOHN ROBERTS ET AL., Respondents, v. JOHN LYNCH, Appellant.

May 13, 1884.

1. FORCIBLE ENTRY AND DETAINER — PRACTICE — AMENDMENTS. — The plaintiff in forcible entry and detainer may, at the trial on appeal to the circuit court, amend his petition, where there is no departure from

the description in the original statement of his cause of action and no question of surprise.

2. —— EVIDENCE. — It is improper to permit a witness, who is a surveyor, to state what is the boundary line in question, this being an inference from the facts.

3. —— Evidence which shows a trespass merely, without occupation or detention by the defendant, will not warrant a recovery in forcible entry and detainer.

4. —— In such an action, an error in entering judgment against the defendant and the sureties on his appeal bond may be corrected in the appellate court.

APPEAL from the St. Louis Circuit Court, HORNER, J. *Reversed and remanded.*

FRED WISLIZENUS, for the appellant: There was no evidence of dispossession. — *Thompson* v. *Sornberger*, 59 Ill. 329. The description of the premises was insufficient. — *Clark* v. *Gage*, 19 Mich. 515; *Orme* v. *King*, 60 Ga. 524; *Lammer* v. *Busse*, 70 Mo. 465. There was no proof of an entry within the boundary lines described in the affidavit. — *Cummins* v. *Scott*, 20 Cal. 84. Statements of opinion as to what constitutes a boundary line are inadmissible. — *Blumenthal* v. *Roll*, 24 Mo. 116; *Schultz* v. *Lindell*, 30 Mo. 310. It was error to render judgment against the surety on the appeal bond. — *Hulett* v. *Nugent*, 71 Mo. 131.

H. M. WILCOX, for the respondent: Great strictness and accuracy of description is not essential in forcible entry and detainer. — *Silvey* v. *Summer et al.*, 61 Mo. 253; *Walker* v. *Harper*, 33 Mo. 592; *Harvie* v. *Turner*, 46 Mo. 444. A complaint originally filed before a justice may be amended in the circuit court. — *Allen* v. *McMonagle*, 77 Mo. 478; *Webb* v. *Robinson*, 74 Mo. 380.

LEWIS, P. J., delivered the opinion of the court.

This is an action of forcible entry and detainer. It developed at the trial, though it does not appear from the complaint filed with the justice, that the plaintiffs are husband and wife, and that their alleged right of possession is

under a deed to the wife, of the lot in question, for her separate use. Verdict and judgment were for the plaintiffs.

· The original and amended complaints are objected to, as incongruous and unintelligible. Singular and plural pronouns are indiscriminately used to indicate the complaining party, and the language is otherwise slovenly and ungrammatical. But its real meaning appears on the face of the complaint, and no other could be mistaken for it. In all these particulars, it will hardly suffer by comparison with many other pleadings, and even judicial writings, which have escaped fatal criticism.

The court permitted the plaintiffs, during the trial, to amend their description of the property in controversy. The amendment involved no departure from the original description, and no change in the cause of action. It simply made the boundaries more definite, wherein there might be a doubt of their intended location. It is not pretended that any surprise or other disadvantage accrued to the defendants, and we can not perceive that the amendment was erroneously allowed.

The plaintiffs' lot has a front of twenty-five feet on the north side of Caroline Street, and a depth northwardly of one hundred and twenty-five feet. The defendant owns a lot adjoining this on the east, and having the same depth. He built a house on this lot, occupying a depth from the front northwardly of fifty-five feet. It is charged that, in so doing, he placed his building six and one-half inches over the plaintiffs' line.

William H. Cozzens, a surveyor, holding in his hand a plat of his survey of the plaintiffs' lot, was permitted, against the defendant's objections, to testify as follows : "Question· Can you state from that evidence where the eastern boundary of said lot 22 is situated, with reference to the fence about which Mrs. Roberts testified? Answer. That fence is precisely on the eastern boundary line of lot 22." He further answered. "From my plat, and knowledge of the

ground, I testify that the land described in the amended complaint lies wholly within, that is, to the Roberts' side of that fence." This testimony ought to have been excluded. It made of Mr. Cozzens a juror instead of a witness. He should have stated the facts and methods of his survey — his starting point, courses, distances, and outcome. It was for the jury to determine from these facts, where the boundary was, with reference to the fence. *Blumenthal* v. *Roll*, 24 Mo. 116; *Schultz* v. *Lindell*, 30 Mo. 310; *Evans* v. *Greene*, 21 Mo. 170.

The complaint alleged a forcible entry and detainer by the defendant of the entire strip, one hundred and twenty-five feet in length, by six and a half inches wide, along the eastern boundary of the plaintiffs' lot. All the instructions were given on that hypothesis only, and the verdict and judgment were for restitution of " the premises described in the complaint," with the damages for the detention thereof, and the monthly rents and profits of the same. Yet there was no testimony tending to show any occupancy by the defendant of more than fifty-five feet in length, covered by his house. There was testimony that he removed the fence. But, in the absence of anything showing occupancy or detention, this amounted to nothing more than a trespass, even if it clearly appeared — which it does not — that the fence extended the whole length of the lot. There was error in this. The evidence did not support the instructions as given. In other respects the instructions given were unobjectionable.

The judgment was entered against the defendant and his surety in the appeal bond. This also was erroneous. *Hulett* v. *Nugent*, 71 Mo. 131; *Gunn* v. *Sinclair*, 52 Mo. 332; *Keary* v. *Baker*, 33 Mo. 603. But for the other errors appearing in the record, this one might be corrected here in a judgment against the defendant alone. The judgment is reversed and the cause remanded. All the judges concur.