CAMPBELL, *et al.*, *Appellants*, *v.* WOOD, *et al.*

### Division Two, May 24, 1893.

2. **Public Lands**: PLATS, REFERENCE TO IN GRANT. Where lands are granted according to an official plat of their survey, the plat itself with all its notes, lines, descriptions and land marks, becomes as much a part of the grant or deed by which they are conveyed and controls so far as limits are concerned, as if such descriptive features were written out upon the face of the deed or grant itself.

2. ——: ——: JUDICIAL NOTICE. The court may sometimes take judicial notice of the general instructions of the government surveyor-general to his deputies as to the method of surveying the public lands.

3. ——: ——: PAROL EVIDENCE. Parol evidence is competent to ascertain the meaning of particular marks on plats required to be made by the surveyor-general.

*Appeal from Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*Beardsley & Gregory* for appellants.

(1) The court had no right to go behind the survey and plat and patent, and find the intention to convey any other land than that identified and described by such survey, plat and patents. *Gazzan v. Phillips*, 20 How. 372. (2) The acts of congress controlling this case are as follows: Act of February 11, 1805, ch. 14, p. 313, 2 U. S. Statutes at large; Act of April

24, 1820, ch. 51, p. 566, 3 U. S. Statutes at large. (3) The corners actually located upon the ground by the survey as metes and bounds, established by the plat, control the reference to the amount of land named in the patent of 1831. Amount is the least certain and last to be considered. *Morrow v. Whitney*, 95 U. S. 556; *Olrich v. Bowen*, 29 Mo. 214; *Carter v. Kane*, 22 How. 1; *Pernan v. Weed*, 6 Mass. 131; *Offerd v. Wilkins*, 33 La. Ann. 110; *McClintock v. Rogers*, 11 Ill. 229; 2 Devlin on Deeds [1 Ed.], sec. 1044; *McEvoy v. Loyd*, 31 Wis. 142. (4) The same rule governs in the construction of a patent as in the case of any other conveyance of land. *Rogers v. Brent*, 5 Gilm. (Ill.) 573. (5) The law makes no distinction in dignity betwen the township lines, section lines or half section lines; and where the description in the conveyance is certain in its terms, one line can no more easily be disregarded or crossed over than the other. *Martin v. Carlan*, 19 Wis. 454; *Palmer v. Dodd*, 31 N. W. Rep. 209. (6) The surmise of the intention of the government to have included the northeast quarter with the southeast quarter in the patent of 1831, cannot prevail against the certain description contained in the patent. *McAfferty v. Conover*, 7 Ohio St. 104; *Richardson v. Curtis*, 33 Ohio St. 379. (7) Parol evidence was not admissible to explain the government plat.

*C. O. Tichenor* for respondents.

(1) The instructions of the secretary to the surveyor general directed that he should not run the line by which he divided a fractional section, but that he should simply mark it on his plat and then calculate the quantity in each subdivision. See the letter in *Brown v. Clements*, 4 Ala. 133. So then there was to be but one dividing line in a fractional section. The

plat does not show the law was violated, for it shows on its face that the little corner has no acreage marked on it, but only a line with the two cross marks on it, so the plat then shows that this little piece was either surveyed in and as a part of the southeast quarter, or that it was not surveyed at all. *Turner v. Railroad,* 112 Mo. 542. (2) We do not contend that we have a right to go behind the survey, plat and patent so as to find an intention to convey land not identified by the survey, plat and patent. We do contend that when the plat contains that which no one but a surveyor can explain, that then we have the right to seek information from those who can tell. These peculiar marks mean something and we have a right to find out and have found out by expert testimony their meaning. This was proper. *Cummings v. Powell,* 97 Mo. 532; *Knox v. Clark,* 123 Mass. 216; *Davis v. Mason,* 4 Pick. 158; *Blumenthal v. Roll,* 24 Mo. 113; *Stevens v. West,* 6 Jones L. 53.

BURGESS, J.—Ejectment to recover possession of the northeast fractional quarter of section thirty-two, township fifty, range thirty-three, Jackson county, Missouri. Plaintiffs claim title under a patent issued by the United States in 1870 to David T. Campbell and Reuben H. Thurston. Thurston subsequently conveyed to Baker. Defendants claim through a patent issued by the United States to Gabriel Predom for the southeast fractional quarter of same section, township and range south of the Missouri river containing 157 16-100 acres, according to the official survey. The patent is dated February 1, 1831. Defendants claimed and the court so held that the land embraced in the Predom patent covered the land in the said patent of March 1, 1870.

# EXHIBIT "A"

TOWNSHIP 50 North RANGE 33 West
of the 5th Principal Meridian

VARIATION
West boundary = 11° 8´ East
All other lines = 9°

Aggregate area  (island included)  =  5257.69 Acres
Estimate of area of Big Blue River  =  41.00  "

Total  =  5298.69  "

Defendants read in evidence a certified copy of a plat of said fractional township 50, according to the government survey, as the same appears of record in the register's office at Jefferson City, Mo.; and also a certified copy of the plat of said township from the department of the interior at Washington. The maps are the same, excepting some memoranda which do not bear on the controversy; the Jefferson City plat shows an island (surveyed in December, 1857,) which does not appear on the other plat. See annexed map:

The field notes of the original government survey of this land show that the surveyors began at the southeast corner of the section and ran north forty chains, and there set a quarter section post; from that they ran on, four chains more, to the bank of the Missouri river, and there set a post for a meander line. They then ran the west line of the section. That part of the section thus lying south of the Missouri river contained 271.93 acres. From the center line of the section on the south, the government plat shows the surveyor-general drew a straight line due north to the Missouri river; and from the quarter corner on the east line of the section, established by the surveyor on the ground, forty chains north of the south east corner of the section, the surveyor-general drew a due west line to the Missouri river. Across this last line, upon the government plat appear two little cross lines, and upon the plat on the east half of this fractional section, only one acreage is noted, and that is 157.16 acres, noted on the southeast quarter; 114.77 acres is noted as the area of the southwest fractional quarter.

At the trial, the defendants were permitted, over the objection of the plaintiffs, to introduce parol evidence of local surveyors to show the meaning of the two lines above referred to. Several surveyors testified upon this point; some of them that these lines indi-

cated that the acreage, written upon the southeast quarter of the plat, covered the two pieces of land north and south of the line running east and west from the quarter of the Missouri river; others, that they were in effect an obliteration of the line.

It is the contention of the defendants that a reference to the government plat shows that the southeast quarter contains this triangular piece of land in dispute. On the other hand, plaintiffs contend that, while it is true that the government plat and survey are referred to in each patent, and under decisions of the United States are to be held as part of the same as though copied therein, yet the facts in this case show that the surveyor upon the field actually placed a quarter corner on the east section line, and that the surveyor-general, in making his plat, ran the half section line west from this corner to the Missouri river, and that there were, in 1831, the date of the first patent, upon the plat, and by the survey, established and made two fractional quarter sections, the one south and the other north of a line drawn west from this quarter-corner on the east line of the section.

Defendants and their grantors had been in the actual possession of the land for more than ten years before the commencement of the suit. No instructions were asked or given. The case is here by appeal.

Under the patent to Gabriel Predom, under which defendants claim title, for the southeast fractional quarter of section thirty-two in township fifty, north of the Missouri river, of range thirty-three, containing one hundred and fifty-seven acres and sixteen-hundredths of an acre, parol testimony of expert witnesses was competent for the purpose of showing according to measurement the number of acres in said fractional quarter, and when taken in connection with the certified copy of the plat of the township from the department of the

interior at Washington, and also the copy from the record in the office of the register of lands of Missouri, which were read in evidence, the number of acres marked on said quarter section, and the two short lines, across the line, dividing it as it were, as shown from an inspection of said plats, from that part on the northeast corner claimed by plaintiffs, becomes very material in determining whether or not the land sued for is embraced in and included in the patent to Predom.

These plats show that there is marked on said southeast quarter by the government surveyor as the number of acres contained therein one hundred and fifty-seven and seventeen one hundredths of an acre. Mr. O'Flaherty, an experienced surveyor, testified that according to measurement there is only contained in the southeast quarter proper and the small piece of land sued for, both included, one hundred and fifty-four and eighty-nine hundredths acres, or two and twenty-seven hundredths acres short of the government computation. There are, as shown by these plats, within the township, three other small fractions, in none of which, nor is there on the lot of land in controversy as appears from said plats, any figures made by the surveyor as to the number of acres contained in them; besides, in the line dividing these small fractions from the adjoining tract there is, in every instance, two cross marks, which the evidence shows indicates a cancellation or obliteration of the line which they cross. The government plat and survey are referred to in each patent and are to be held a part of the same as if copied therein, and it makes no difference that the surveyor placed a quarter corner on each section line. "It is a well settled principle that when lands are granted according to an official plat of the survey of such lands, the plat itself, with all its notes, lines, descriptions and land marks, becomes as much a part of the grant or

deed by which they are conveyed, and controls, so far as limits are concerned, as if such descriptive features were written out upon the face of the deed or the grant itself.'' *Cragin v. Powell*, 128 U. S. 691.

Under the general instructions issued by the surveyor-general for the states of Illinois and Missouri to deputy surveyors, we find the following: "*Merged areas*, tracts smaller than sixty acres in extent, may, according to the circumstances of the case and the judgment of the surveyor-general, be reported to the register with a separate area or may be attached by him to an adjoining tract for sale, and its area merged into that of the tract to which it is attached which should always be shown on the plat by peculiar marks drawn across the division line.''

Although these instructions were not read in evidence we feel at liberty to take judicial notice of them under the circumstances connected with the case, and our apparent justification in so doing. 1 Greenleaf on Evidence [15 Ed.], sec. 6. In the case of *Gordon v. Tweedy*, 74 Ala. 238, it is said: "It is customary for courts to take judicial knowledge of what ought to be generally known within the limits of their jurisdiction. This cognizance may extend far beyond the actual knowledge, or even the memory of judges, who may, therefore, resort to such documents of reference, or rather authoritative sources of information as may be at hand, and may be deemed worthy of confidence.'' So in the case of *Hunter v. Railroad*, 116 N. Y. 615. BROWN, J., in delivering the opinion of the court says: "Courts are not bound to take judicial notice of matters of fact. Whether they will do so or not depends on the nature of the subject, the issue involved and the apparent justice of the case. The rule that permits a court to do so is of practical value in the law of appeal, where the evi-

dence is clearly insufficient to support the judgment. In such case judicial notice may be taken of facts which are a part of the general knowledge of the country, and which are generally known and have been duly authenticated in repositories of facts open to all, and especially so of facts of official, scientific or historical character."

If of practical value in the law of appeal, when the evidence is insufficient to support the judgment, it seems that the rule is of much more practical value when the judgment is manifestly for the right party. Here the fraction of land sued for is less than three acres, and comes within the rule announced by the surveyor-general in regard to "merged areas" and is evidently embraced in the patent to Predom as a part of the southeast fractional quarter.

While it may be admitted that defendants could not go behind the survey, plat and patent so as to find an intention to convey land not identified by such survey, plat and patent, yet parol evidence was admissible for the purpose of ascertaining the meaning of the particular marks on the plat, which were required to be made in such cases by the surveyor-general. *Cummings v. Powell*, 97 Mo. 532; *Knox v. Clark*, 123 Mass. 216; *Davis v. Mason*, 4 Pick. 158; *Blumenthal v. Roll*, 24 Mo. 113; *Stevens v. West*, 6 Jones Law (N. C.) 53.

When all the facts in this case are taken into consideration, the conclusion is irrisistible that the land sued for is embraced in the patent under which defendants claim title. The judgment was for the right party, and must be affirmed. Judgment affirmed. All concur.