HARRISON MUCKEY, Respondent, v. CHRIS FETIZ, Appellant.

Kansas City Court of Appeals, April 1, 1912.

1. **FORCIBLE ENTRY AND DETAINER: Sufficiency of Complaint.** A complaint in forcible entry and detainer, describing the land involved as "a strip of ground four (4) feet wide at the north end and six and one-half (6½) feet wide at the south end, extending across the entire west side" of a quarter section of land, *held* too indefinite to support a judgment for plaintiff.

2. ———: ———: **Description.** A judgment in forcible entry and detainer wherein the description of the land does not correspond with the description in the complaint, *held* to be improper and cause for reversal.

Appeal from Chariton Circuit Court.—*Hon. Fred Lamb,* Judge.

REVERSED AND REMANDED.

*S. A. Davis* and *Lozier & Morris* for appellant.

*J. A. Collet* for respondent.

ELLISON, J.—This action is forcible entry and detainer, begun before a justice of the peace and removed to the circuit court. On trial in the latter court plaintiff had judgment.

It appears that plaintiff's original complaint described the land obtained as "a strip of ground four (4) feet wide at the north end and six and one-half (6½) feet wide at the south end, extending across the entire west side of the northwest quarter of the southeast quarter of section three (3), township fifty-four (54), range twenty (20), Chariton County, Missouri." At the opening of the trial plaintiff asked and was granted leave to amend the complaint by striking out the word "across" and inserting the word "along and near," so that the complaint instead of reading

Muckey v. Fetiz.

"across the entire west side," etc., would read "along and near the entire west side," etc. Defendant excepted to the court's permitting the amendment. When the amendment was made defendant immediately filed his affidavit of surprise and for a continuance. The trial court refused to continue and heard the cause presented by plaintiff, defendant not introducing any testimony.

The objection to the amendment and the refusal to continue the cause, will be considered together. The offense of forcible entry consisted in this: The parties were adjoining proprietors with a division fence, each owning one-half. Defendant took out his half and afterwards plaintiff took out a portion. Then plaintiff rebuilt and connected with a portion of his fence still standing. Defendant concluded to build a fence, presumably on what he determined was the line; this was six and one-half feet at one end and four feet at the other end further in on plaintiff than the old fence.

The judgment in the cause does not correspond with the description in the complaint, and for that reason should be reversed.

And on further consideration, we think the complaint, even as amended, should show with more definiteness the land intended. "Along and near the entire west side of the northwest quarter of the southeast quarter," etc., without some other mark of identification of the land, is too indefinite. It might be a sinuous strip, first inside and then outside of the northwest quarter of the southeast quarter, and yet be "near" to the west side of that quarter. If the complaint be amended again, the description should be made reasonably certain and definite.

Other objections taken, such as swearing to the complaint as amended, which defendant claims is necessary, can be obviated before another trial.

The judgment is reversed and cause remanded. All concur.