## CYNTHIA G. HECTOR et al., Appellants, v. J. A. HORRELL.

### Division One, February 28, 1913.

1. **CONVEYANCING: Description: Sufficiency.** In order to sustain a judgment of partition and a conveyance of real estate made in pursuance thereto, the description of the land must be sufficiently definite to enable the sheriff to locate it therefrom. A description of "320 acres, being the E. 2 of Sec. No. 13, Twp. 20, Range 13 East" is sufficiently definite to enable the sheriff to

Hector v. Horrell.

identify it, although the simple figure "2" is used for half. So also is "120 acres being W. 2 of N. W. 4 and N. E. 4 N. W. 4 of Sec. 15," etc.

2. ———: ———: ———: **Township and Ranges.** In describing several tracts of land in the same township and range it is not necessary to repeat in the description of each the township and range after the word "section," but it is sufficient to state the township and range after the last tract otherwise described.

Appeal from Butler Circuit Court.—*Hon. Jesse C. Sheppard,* Judge.

AFFIRMED.

*Sam J. Corbett* and *C. G. Shepard* for appellants.

(1) The abbreviations in all. of the descriptions are such as to make the whole transaction void for want of certainty. When we consider the descriptions where neither the township nor range is given, it certainly cannot be contended that the description is sufficient to locate any land whatever, or to pass title to defendant. Neither can it be said that said descriptions are in any way connected with the other descriptions given. They stand alone, separate and distinct, and could as well be covered by a deed conveying land in another county as in the deed in question. Such vague, indefinite and uncertain descriptions have ever been held insufficient where personal service was had, and surely it cannot be held good where defendants are brought into court by publication, as was done in the partition proceedings through which defendant holds the land in question. O'Day v. McDaniel, 181 Mo. 529; Martin v. Kitchen, 195 Mo. 477; Talty v. Schlatitz, 180 Mo. 231; State ex rel. v. Burrough, 174 Mo. 700; Winningham v. Trueblood, 149 Mo. 572; Low v. Ekey, 82 Mo. 286. (2) The evidence in this case discloses the fact that the lands herein mentioned were all wild, unimproved and unoccupied.

*Oliver & Oliver* for respondent.

The complaint is based upon the use of abbreviations in describing the subdivisions of a section, and the use of punctuation marks, and the failure to follow up the different sections by describing the township and range of each section, although there are several sections or subdivisions of different sections in the same township and range. This is the sum total of appellant's grievance. Respondent contends that the description in the deed is a good one, clearly describing the land, and is in accord with the almost universal usage of conveyances in transferring landed property. In each tract, and in each section, is stated: the subdivision of the section (by the use of well-understood abbreviations), and the number of each section, each township and range. This is a perfect description. R. S. 1909, secs. 11372, 11520; Sparks v. Clark, 57 Mo. 58.

WOODSON, P. J.—This suit was brought in the circuit court of Pemiscot county, and involves practically the same questions that were involved in the cases of Hector v. Mann, 225 Mo. 228, and Hector v. Warren, 225 Mo. 255, which upon consultation will disclose the main facts of this case; since, however, they are not material to the question to be determined in this case, they will be omitted largely from the statement of this case.

The plaintiffs sought, by this suit, to recover from the defendant a large tract of land situate in Pemiscot county. A trial was had in the circuit court, which resulted in a judgment in favor of the defendant, and the plaintiffs duly appealed the cause to this court.

In regard to this case, counsel for appellant state that of the law as announced in the cases previously mentioned they have no complaint to make; and that "this case was tried on two theories, to-wit:

"First: That the court which tried the partition proceedings under which the land herein mentioned was

sold in partition never acquired jurisdiction over the person of the defendants in said partition proceedings (plaintiffs in this suit), and for that reason the sale in partition conveyed no title.

"Second: The description given in said partition proceedings, the order of publication, and the deed made by the sheriff, was insufficient as to part of the land herein described, and did not in fact describe any land whatever."

Counsel for appellants, in their brief, concede that this court in the cases previously mentioned, decided the first proposition mentioned against them, and that the appellants are not entitled to recover any of the lands which were properly described in the partition proceedings mentioned in said cases; but insist that some of the lands involved in this case were not described in said partition proceedings.

This concession, under the evidence, which is undisputed, reduces the case to two legal propositions for determination.

The land involved in this case was described in said partition proceedings, and the deed made in pursuance thereof, in the following language (omitting county and state):

320 acres, being the E. 2 of Sec. No. 13, Twp. No. 20, Range 13 East.

120 acres being W. 2 of NW. 4 and NE. 4 NW. 4 of Sec. No. 15.

40 acres being the NW. 4 of SE. 4 of Sec. No. 10.

160 acres being the S. 2 of NW. of the NE. 4 of NE. 4 and the SW. 4 of NE. 4 of Sec. No. 17, Twp. No. 20, Range 12 E.

80 acres being N. 2 of SE. 4.

40 acres being SW. 4 of NW. 4 and

160 acres being E. 2 of W. 4 of Sec. No. 18 Twp. No. 20, Range 14 East.*

I.   Counsel for appellants state their position in the following language:

"Should it be conceded that the first description of 320 acres is good, and that the description of the last two tracts, that is, of the 40 and 160-acre tract last described, is good, which we do not, it must be held that the description of the other lands mentioned in said partition proceeding is the same as no description at all, and wholly insufficient to deprive these plaintiffs of their land, or convey title to the defendant herein.

"120 acres being the W. 4 of NW. 4 and NE. 4 of NW. 4 of Sec. 15, is no description at all, and certainly the trial court was wrong when it was willing to guess these plaintiff's land away in any such manner.

"40 acres being NW. 4 of SE. 4 of Sec. No. 10, is equally as bad and conveys no title.

"80 acres being N. 4 of SE. 4. What court is willing to say that description covers the land in question in this suit?"

In brevity, their contention is, first, that the description of the entire land sued for was so vague and uncertain that it was in fact no description at all, and that the judgment in the partition suit and the deed made in pursuance thereof were and are absolute nullities; and, second, that even though that be not true, nevertheless, that was and is true as to all the tracts mentioned excepting the first, fifth and the two last tracts.

We will dispose of these two contentions in the order stated.

---

*Independent of the legal propositions presented and disposed of it is apparent upon the face of the record that there are some typographical errors existing in the description of some of the tracts of land just mentioned; but in no manner do they affect the merits of the case.

As to the first: There can be no doubt but what the law is, that, in order to sustain a judgment of a court affecting real estate, the description thereof must be sufficiently definite to enable the sheriff of the county in which it is located, to locate the land therefrom.

The real contention on this branch of the case is, that the abbreviations used in the description of the lands in the judgment and deed, as shown in the statement of the case, were and are vague, uncertain and meaningless, and therefore constitute no description of the land whatever. For instance, it is insisted that the letter "E" and the figure "2," as used in the first tract of land mentioned in the statement of the case, though used in the connection in which they are found, have no meaning. Said first tract is described as follows: "320 acres, being the E. 2 of Sec. No. 13, Twp. No. 20, Range 13, East."

In the case of Burnett v. McCluey, 78 Mo. l. c. 691, this court in considering a similar question, used this language:

"If the description were an abbreviated one and stood thus: 'N. 1-2, S. W. 1-4, S. W. 1-4, sec. 6,' few persons familiar with the system adopted for the survey and subdivision of lands in the western states, and the abbreviations in use for the designation of such subdivisions, would hesitate to construe such description to mean the north half of the southwest quarter of the southwest quarter of section 6. But when such abbreviated descriptions are translated into words, it is usual to insert both the words 'of' and 'the' after the words and figures designating the subdivisions."

The court then proceeded and held that said description in a sheriff's deed was valid, and sufficient to convey the north half of the southwest quarter of the southwest quarter of section 6.

It seems to me that the description under consideration in this case is much more definite and certain than was that used in the case referred to. In that case

the words "of" and "the" which usually follow the figures designating the subdivisions of the land were entirely omitted by the sheriff from the deed, while in the case at bar, both of those words are used and correctly so; but it is contended in this case, that because the numerators of the fractions which designate the size of the subdivisions are omitted from the judgment and deed, both of them are void.

That position is untenable, because the size of the subdivision is clearly indicated by the figures and the word "320 acres," which is one half of a section, and when they are followed by the language "being the E. 2 of Sec. 13," etc., there can be no doubt but what the abbreviations here used, when written out in full, would be as follows: "320 acres, being the east ½ of section No. 13, township No. 20, range 13 east." This is the correct description of the land sued for, and in our opinion the same land is properly described in the judgment by the abbreviations before quoted.

What has been said by us of this tract, applies equally as well to the other seven tracts sued for in this case.

We, therefore, decide the first contention of counsel against the appellants.

II. The second contention, as previously stated, is that the judgment and deed are void as to all the tracts of land sued for, except the first, fifth and the two last, for the reason that the township and range are not stated therein, after each tract.

Counsel for respondent answers that contention by saying that in describing several tracts of land in a deed in the same township and range, it is not necessary to repeat in the description of each the township and range, and that it is only necessary to state the township, range and county at the end of the last tract described in that township, range and county.

Shinn v. Railroad.

In our opinion that is a correct statement of the law, without it should affirmatively appear to the contrary from the face of the deed. That is a custom which is very extensively followed in this State by conveyances, and I have never before heard the validity of such a deed questioned.

According to the record in this case, the first tract of land described in the judgment and deed is located in township No. 20, range 13; the second, third, fourth and fifth in township No. 20, range 12; and the sixth, seventh and eighth in township No. 20, range 14, Pemiscot county.

We therefore decide this question against the appellants.

It must follow from these observations, that the judgment of the circuit court should be affirmed; and it is so ordered.

All concur.