## COMPENSATION TO SHERIFFS FOR KEEPING AND FEEDING PRISONERS.

Common Pleas Court of Cuyahoga County.

THE STATE OF OHIO, EX REL FRANK F. GENTSCH, V. A. J. HIRSTIUS.

Decided, March 3, 1914.

*Construction of the Salary Law—With Reference to Profits Made by Sheriffs on Subsistance of Prisoners—Fees, Allowances and Necessary Expenses—Consideration Should be Given to Construction Given these Terms by Bureaus of the State Executive Department—Sections 2977, 2997, et seq., 3179 and 2845-6.*

1. Under the present salary law the sheriff of a county is given by Section 2997, in addition to his salary, the allowance made to him by the county commissioners for keeping and feeding state prisoners confined in the jail of the county, the expression "actual and necessary expenses" as to which the sheriff must file an itemized account being limited to the expenses particularly referred to in that section. The situation which is thus presented calls for attention on the part of the Legislature rather than the courts.

2. The same immunity from accounting for "fees, allowances and other prequisites" is enjoyed by the sheriff with reference to receipts

for keeping and feeding federal and city prisoners, where such prisoners are committed to his custody by federal and city authorities under contracts which prescribe a charge for such service which is not higher than that fixed for state prisoners by Section 2850, General Code.

ESTEP, J.

This opinion is based upon a special demurrer filed by the defendant, A. J. Hirstius, to the amended petition of the plaintiff.

1.    In an opinion rendered on the 7th day of February, 1913, the late Judge W. A. Babcock sustained a demurrer filed by the defendant Hirstius to the original petition. In the original petition the plaintiff sought to recover from the defendant Hirstius the profit claimed to have been made by him while sheriff of Cuyahoga county, Ohio, in feeding prisoners committed to his charge in the jail of said county. Judge Babcock, in a carefully prepared opinion, which I have read several times, held that the plaintiff did not state a cause of action against the defendant. I fully concur in this opinion, and feel that little more can be said than was said by the learned judge in the opinion referred to.

Section 2997 of the code, as I view it, clearly intended to give to the sheriff, "in addition to the compensation and salary" provided for in Section 2996, such an amount as the county commissioners should allow him quarterly, for the keeping and feeding of prisoners as provided by Section 2850 of the code.

The provision at the close of Section 2997, providing for the filing quarterly by the sheriff of a full and itemized account of all his *actual and necessary expenses,* mentioned in said section, before they shall be allowed by the county commissioners, does not refer to the matter of keeping and feeding prisoners, but refers to the *actual and necessary expenses* particularly referred to in said section. Without attempting to encumber this opinion by quoting from the opinion of Judge Babcock, I will only say that, in my opinion, this matter is one which calls for action by the *Legislature,* and *not by the courts.*

I do not want to be understood, in what I have said or may say in regard to the law of this case, as I understand it, that I ap-

prove of the present legislation upon this subject. I am inclined to believe that I favor legislation similar to that enacted in 1896, found in 92 Ohio Laws, 602, particularly in so far as it relates to the expense of maintaining prisoners in the county jail. I am at loss to know what reasons were presented to the Legislature for the enactment of the present law relating to that subject. Whatever they may have been, whether they were good or bad, the Legislature passed the present salary law, found in 98 Ohio Laws, 89; and it is the construction of this act, and the other statutes involved in this action, which we are called upon to consider. Upon a consideration of all the law relating to this matter, I hold that Section 2997 gave to the sheriff, *in addition to his salary,* the allowances made to him by the county commissioners for keeping and feeding state prisoners confined in the jail of a county.

2. After the demurrer to the original petition was sustained, the plaintiff filed an amended petition, in which he set out in separate causes of action, covering both terms of the defendant Hirstius as sheriff, the amount of profit the defendant is claimed to have made in feeding state prisoners, the profit made by him in feeding United States prisoners, and the profit derived by him in feeding city prisoners; and he seeks a judgment against defendant Hirstius for all these profits made by him in feeding these various classes of prisoners.

I have already disposed of the claims in reference to state prisoners in following the ruling made by Judge Babcock, above referred to.

I confess at the outset that the remaining question, relating to the feeding of United States and city prisoners committed to the custody of the sheriff and confined in the jail of the county, is more difficut of solution. The determination of these questions, however, depends upon a reasonable and proper construction of Section 3179 of the code, and Sections 2977 *et seq.,* of the salary act.

Section 3179 provides that the sheriff is required to receive prisoners charged with or convicted of crime committed to his custody by the authorities of the United States, and to keep them

until discharged by due course of law. This section further provides that such persons shall be supported at the expense of the United States, while so confined in jail, and that the sheriff shall receive no greater compensation for the subsistence of such prisoners than is authorized to be charged for state prisoners. This section also provides for jail fees to be paid by the United States to the county commissioners.

This section of the code does not impose the duty of subsisting United States prisoners, committed to the jail of the county, upon the sheriff; yet I think the statute contemplates that the sheriff might contract with the United States authorities to perform this service; and if he should do so, he may provide to perform this service for any sum agreed upon, provided it did not exceed the sum allowed by law for feeding state prisoners. It seems clear to me that the United States authorities, and the city authorities, in the event city prisoners are committed to the jail of the county, could provide for their subsistence by contract with parties other than the sheriff.

There seems to be no dispute in this case between counsel, that if the sheriff subsist federal and city prisoners committed to his custody, without a contract with the federal and city authorities for payment for such service, he would be compelled to render this service gratuitously. His account could not be allowed as a valid claim against the county or state, as neither the county nor the state has incurred any obligation in regard to those classes of prisoners. When the jail fees are paid to the county commissioners, all claims of the county, in so far as imposed by Section 3179, are satisfied. There seems to be no warrant for plaintiff's attempt to recover the profit which he claims the defendant made in feeding federal and city prisoners. If the amounts received by the sheriff for rendering this service constitute an *allowance or perquisite* received by him under Section 2977 and Section 2996 of the code, then he should pay it *all* into the county treasury, and not merely the profit if any, made by him. What construction should, therefore, be placed upon these statutes in order to avoid absurd consequences and the doing of injustice to any of the parties involved in this action,

as those consequences can not be presumed to have been within the legislative intent? In the first place it appears that under Section 3179 of the code there is no duty imposed upon the sheriff to subsist federal prisoners placed in his custody; and as I have already said, the federal and city authorities can make contracts with persons other than the sheriff for the subsistence of federal and city prisoners confined in the jail of the county. It is further clear to me, that if the sheriff provide subsistence for federal and city prisoners without a contract with the federal and city authorities, providing for compensation for the expense so incurred by him, he could not collect the said expense from the county or state, as they have incurred no liability in the matter, and have no *financial* interest in these prisoners other than to see to it that the jail fees are paid. The sheriff, however, can clearly contract with the federal and city authorities for the expense of subsisting federal and city prisoners committed to his keep, but is limited in the charge to be made for such service by the amount charged for feeding state prisoners as fixed by Section 2850 of the code. The presumption is, that this service so provided by contract will equal in value the amount which he undertakes by contract to receive for the same. Having already held that in the matter of feeding state prisoners, that the sheriff is not required to account to the county or state for the allowance made to him quarterly by the county commissioners, can it be fairly said that in this respect the Legislature intended to distinguish between state, federal and city prisoners? Was it intended by the Legislature that he should pay into the county treasury the amounts received for feeding federal and city prisoners, and retain the amount received for feeding state prisoners? If we are right in the conclusion that the sheriff may retain the allowances made to him for feeding state prisoners, it appears to me that it logically follows that it was never intended by the Legislature to classify in this respect the prisoners committed to his custody, and therefore require him to feed city and federal prisoners at his expense. Is it reasonable to say that the county and state having been put to no expense in regard to subsisting these pris-

oners, and incurring no liability in relation thereto, the sheriff should be required to pay into the treasury of the county the amounts received by him from the federal and city authorities in payment for the expenses he has incurred in subsisting these prisoners? In other words, is it a reasonable construction to place upon these statutes, which would result in holding that the sheriff must subsist these prisoners at *his own expense?*

The *only* reason *urged* why this money received by the sheriff from the federal and city authorities should be turned into the county treasury, is that the salary act, Section 2977 provides that all *fees, allowances and other perquisites collected* and *received by law,* as compensation for services, shall be for the sole use of the treasury of the county in which they are collected. The question therefore presents itself as to whether or not these amounts received by the sheriff for subsisting federal and city prisoners are *allowances* or *perquisites* collected or received by law. In my opinion the *fees, allowances and perquisites* referred to in Section 2977 and Section 2996 of the code do not refer to any *fees, allowances* or *perquisities, except such as are fixed by law* for *services* and *duties imposed by law upon the sheriff.* All these fees, etc., are to be collected by him and paid into the county treasury. These fees, allowances, etc., are fixed by Sections 2845-6 *et seq.,* of the code. The duty of subsisting federal and city prisoners not being imposed upon the sheriff *by law,* and any sum he may receive for such subsistence not being *fixed by law,* but his compensation arising only *from contract,* I am of the opinion that under the provisions of the salary act he is not required to turn said moneys into the county treasury. This must be so, or else we are bound to conclude that he must render this service for nothing. Should the court place a construction on these statutes, which would lead to this absurd consequence, and do an injustice to the defendant, when state and county have incurred no expense or liability in relation to such prisoners?

In the case of *Moore* v. *Givin,* 39 O. S., 661, the law is stated in the first syllabus:

"It is the duty, of courts, in the interpretation of statutes, unless restrained by the letter, to adopt that view which will

avoid absurd consequences, injustice or great inconvenience, as none of these can be presumed to have been within the legis-· lative intent.''

Another consideration in construing these statutes, which the courts may take judicial notice of, is the construction which they have received by the executive departments or bureaus which have had to deal with these matters. *Sutherland on Stat: Con.*, Section 474; *Dutoit* v. *Doyle et al*, 16, O. S., 400-407; *Wark* v. *Carrington*, 34 O. S., 64-75; *State, ex rel.* v. *Akins*, 18 C. C., 349; 116 Mo., 196; 72 Fed., 46; 152 U. S., 211-221.

The state bureau of inspection and supervision has repeatedly . examined and approved the accounts of the sheriff of Cuyahoga county relating to the keeping and feeding of prisoners, and it has uniformly approved said accounts. As late as January 25, 1913, the chief of the bureau wrote as follows:

''That the matter of the payment of the board of prisoners to the sheriff and his authority to retain the same for his own use always seemed so clear to us that we have never asked the legal department of the state for an opinion, and we never had the matter questioned.''

Counsel for defendant sets out extracts in his brief from several reports made by the bureau at different times, all going to show that a construction of the statutes under consideration here, favorable to the claims of the defendant, has always been placed upon them by those having to deal with them.

Taking all these matters into consideration, I am of the opinion that the defendant, Hirstius, is entitled to retain the payments received by him for the subsistence of federal and city prisoners committed to his custody and confined in the jail of the county.

3. The defendant, Hirstius, urges another ground of objection to the several causes of action set out in the amended petition, which I believe deserves attention. The plaintiff seeks to recover the profit which he claims the defendant made in ''feeding prisoners.'' The compensation awarded the sheriff by law is for the ''keeping and feeding'' of prisoners. This is particu-

larly true when it relates to those claims made in so far as state prisoners are concerned. I am of the opinion that the word "keeping" is not identical with the word "feeding"; and that each word provides for separate and distinct services, which should be taken into consideration when dealing with the matter set out in the various causes of action in the amended petition. *In the Matter of the Claim of Loyd N. Leose, ex-Sheriff, etc.,* 4 C. C., 3.

I am, therefore, of the opinion that it is not sufficient to constitute a cause of action based upon these statutes, when no mention is made of a part of the service provided for in the statute and for which compensation is allowed.

For all the reasons set out above, I sustain the special demurrer to plaintiff's amended petition.