DENNIS AUBUCHON, Respondent, v. HENRY C. FOSTER, Appellant.

Kansas City Court of Appeals, November 10, 1919.

1. **UNLAWFUL DETAINER: Description of Premises.** A complaint in unlawful detainer which describes the premises possession of which is sought as "starting about a quarter of a mile from the Northwest quarter of said described land and extending for about thirty (30) rods in length to seventy-five or eighty rods in width" is bad in that it does not describe the premises with sufficient definiteness.

15—Mo. App.

2. ————: ————: **Amendment of Complaint.** A complaint in unlawful detainer which contains a faulty description of the premises may be amended, though it may not be when no description whatever was originally given.

3. ————: **Revoked License.** Under the second clause of the unlaw-detainer statute the relation of landlord and tenant need not have existed and a person entitled to possession may bring the action against a licensee whose license he has revoked.

4. ————: **Notice to Defendant: Disseizen.** Where the defendant is in possession as a licensee and the plaintiff demands, in writing, possession, the written notice has the effect of terminating the license, and at the same time satisfies the requirement of the unlawful detainer statute for a demand in writing for the possession of the premises, defendant having claimed that he was a tenant and not a licensee.

5. **License: Revocation.** Where all the defendant had done in exchange for the license was to furnish wire for a fence and the plaintiff offered to permit him to retake the wire, he had not expended such labor or money as to prevent the sudden revocation of the license.

6. **APPEAL AND ERROR: Suit by Initials.** The fact that plaintiff has sued by his initials is not a fatal defect and where defendant fails to raise the point that plaintiff has sued by the wrong name, before judgment in the lower court, he cannot complain on appeal.

Appeal from Buchanan Circuit Court.—*Hon. L. A. Vories,* Judge.

REVERSED AND REMANDED.

*H. B. Pyle* and *S. P. Reynolds* for respondent.

*Kendall B. Randolph* for appellant.

BLAND, J.—Plaintiff was in possession, under a lease, of one hundred and sixty acres of land in Buchanan County, Missouri. There was a stream of water on plaintiff's land near and adjoining the land of defendant. Plaintiff, desirous of accommodating defendant, agreed that defendant might clear, fence up and use a small strip of ground consisting of an acre or more connecting defendant's land with the stream.

Plaintiff furnished the posts and defendant the wires for the fence. This arrangement ran along for some months dry weather came, and plaintiff contending that defendant had stopped the water from running in the stream so as to make the stream useless to plaintiff, notified the defendant in writing to immediately deliver up the possession of the strip, offering to permit the defendant to take the wires. Defendant refused to comply and as a result this action was brought in the justice court under the statute touching unlawful detainer, section 7657, Revised Statutes 1909. The suit was transferred by a writ of *certiorari* to the circuit court and that court having found for plaintiff, defendant has appealed.

Defendant attacks the sufficiency of the complaint. The complaint reads as follows:

"Come now D. Aubuchon, complainant, to J. W. Wilson, Justice of the peace within and for Washington Township, Buchanan County, Missouri, and states that on the 15th day of August, 1918, he had legal right to the possession of a certain tract of land, a more particular description of which is: "All that part of the southwest quarter of section twenty-nine (29), in township fifty-eight (58), range thirty-five (35), now owned by the Daughters of Charity of St. Vincent de Paul, of St. Joseph, Missouri," and that the said Henry C. Foster willfully and wrongfully holds possession of about an acre of said strip being on the west side of the above described premises, starting about a quarter of a mile from the northwest corner of said described land and extending for about thirty (30) rods in length to seventy-five or eighty rods in width and being adjacent to the house occupied by the said defendant, Henry C. Foster, and situate in Washington Township, Buchanan County, Missouri.

Complainant further states that the said Henry C. Foster occupied said strip of land as licensee and subject to the demand of possession by complainant at any time.

Complainant further states that he made demand in writing for the delivery of the possession of the premises so occupied by the said Henry C. Foster, on August 15, 1918, but that the said Henry C. Foster refused and still refuses to deliver the possession of the said strip of land to this complainant.

Complainant further states that he has sustained damages by reason of the unlawful detainer aforesaid in the sum of one hundred dollars.

Wherefore the complainant prays judgment of restitution and for his damages on account of the unlawful detainer of the premises aforesaid.''

It is urged that the complaint fails to sufficiently describe the property unlawfully detained. We think the contention is well taken. The description of the land in the complaint must be sufficiently definite that the land may be located therefrom. [Hector v. Horrell, 248 Mo. 166, 171.] The description describes almost three acres instead of one acre. The starting point is *about* a quarter of a mile from the established point. The land is described as *about* thirty rods in length ''to seventy-five or eighty rods in width.'' It is apparent that no one could definitely locate the property from the description given. [Muckey v. Fetiz, 162 Mo. App. 684.]

It is contended that failure to properly describe the land is jurisdictional and cannot be cured by amendment. If no description whatever had been given, we think the complaint could not be amended so as to describe the land, but as the complaint contains a description, though faulty, it may be amended. [Purcell v. Merrick, 172 Mo. App. 412, 418, 419; Roberts v. Lynch, 15 Mo. App. 456, 458; Dean v. Trax, 67 Mo. App. 517; Muckey v. Fetiz, supra, 685.]

It is contended that the complaint fails to state a cause of action for the reason that it alleges that defendant was a licensee. Reading the complaint as a whole we construe it to mean that defendant was originally let into the land as a licensee of plaintiff; that

plaintiff was in possession of the land and that after notice revoking the license defendant took possession of the land and wrongfully withheld the same from plaintiff at the time of the institution of the suit. We do not construe the complaint to mean that defendant was claiming the rights of a licensee after the license had been revoked by the plaintiff, but was claiming possession of the land as against plaintiff the owner. The complaint states a cause of action under the second clause of the statute of unlawful detainer, which provides that when "any person wrongfully and without force, by disseisin, shall obtain and continue in possession of any lands, tenements or other possessions, and after demands made, in writing, for the delivery of the possession thereof by the person having the legal right to such possession, his agent or attorney, shall refuse or neglect to quit such possession such person shall be deemed guilty of unlawful detainer." If defendant was a mere licensee (that is, his occupancy was under the possession of plaintiff), plaintiff had a right at any time to revoke the license and after the revocation thereof if defendant refused to remove his fence and asserted a right to the possession of the land against the owner, he wrongfully disseised the owner of the land. [Spalding v. Mayhall, 27 Mo. 377, 379; Dunstedter v. Dunstedter, 77 Ill. 580.]

It is urged that unlawful detainer will not lie unless it appears that the relationship of landlord and tenant existed between the parties. This is true under the first clause of the Statute (Whitesides v. Oasis Club, 162 Mo. App. 502; Jones on Landlord and Tenant, section 653; Andrae v. Heinritz, 19 Mo. 311), but it is not true under the provisions of the second clause above quoted. [Bierkenkamp v. Bierkenkamp, 88 Mo. App. 445; Ray v. Blackman, 120 Mo. App. 497, 509; Finley and Miller v. McGill, 57 Mo. App. 481.]

It is claimed that plaintiff sued by initials and for this reason there was a fatal defect in the pleadings. We think there is no merit in this contention. As a

name is a means of identity, if plaintiff sued by the wrong name' it was incumbent upon the defendant to raise the matter before judgment in the lower court. Having failed to do this he cannot urge the matter now in this court. [Green v. Strother, 214 S. W. 399; Mosely v. Reily, 126 Mo. 124, 128; Shelton v. Sacket, 91 Mo. 377, 380.]

Defendant offered a demurrer to the evidence and insists that under the evidence defendant was not a licensee but a tenant from year to year. It is said in 25 Cyc.' 640, 641:

"The test to determine whether an agreement for the use of real estate is a lease or a license is whether the contract gives exclusive possession of the premises against all the world, including the owner, in which case it is a lease, or whether it merely confers a privilege to occupy under the owner, in which case it is a license, and this is a question of law arising out of the construction of the instrument. If the contract is for the exclusive possesson and profits of the land it is a lease and not a license no matter in what medium the rent is to be paid. A mere permission to occupy the land of another for any purpose is a license and not a lease, or easement."

The evidence on the part of plaintiff shows that there was no consideration whatever flowing from defendant to plaintiff for the privilege given defendant to the use the land. So far as plaintiff's evidence shows the permission given was merely an act of neighborly good will. There was no element in the transaction that would give rise to a relationship of landlord and tenant. Defendant merely had the privilege of using the land and he being a licensee as already stated, had no possession as against the owner and his occupancy as licensee was under the possession of the owner. The land was originally fenced in by the defendant not for the purpose of depriving plaintiff of his possession of the land but to prevent defendant's stock from running over the remainder of plaintiff's land when they. went to water.

It is contended by defendant "that there could be no disseisin by a mere licensee until the licensee asserted a right of possession after the revocation of the license." The evidence as to a right of possession asserted by the defendant to the land after he was served with a notice was that he continued to occupy the land and failed to take down the fence. The defense made in the case was that defendant gave a valuable consideration to plaintiff and was a tenant from year to year and not a licensee; that under the provisions of section 7882, Revised Statutes 1909, he was entitled to sixty days notice next before the end of the year. There is no claim that the notice to immediately vacate was not given. Defendant having, after notice was given, continued to occupy the land and to maintain his fence, claiming to be a tenant, thus keeping plaintiff out of the possession of his land, was asserting a right of possession inconsistent with that of the plaintiff and was guilty of disseizing plaintiff if he was not a tenant, and the jury found that he was not. We think the notice served two purposes. While it might be said that the notice contemplated by the statute must have been given after the defendant had wrongfully disseized plaintiff and not while the relationship of licensor or licensee existed, we think that no certain length of time need elapse between the revocation of the license and the wrongful exclusion of plaintiff from the possession of the property. It would not be good sense to say that two notices covering identically the same subject ought to be given before an action could be commenced. We think that under the circumstances the termination of the license, the wrongful disseizin of plaintiff and the giving of the notice provided by the statute, might occur at the same time.

It is claimed that the license could not be so suddenly revoked for the reason that money and labor had been expended by the defendant. The only thing that defendant had done was to furnish the wire and this was for his own convenience and required only

a small amount of work to remove. Plaintiff told defendant in the notice that he could remove the wire. No permanent or valuable improvements were made upon the land by the defendant. This is certainly not a case where defendant had made such expenditures on the property as to prevent plaintiff from suddenly revoking the license. [25 Cyc. 646; Darlington v. Mo. Pac. Ry. Co., 99 Mo. App. 1; School District v. Lindsay, 47 Mo. App. 134.]

Plaintiff's instructions Nos. 1 and 2 are not subject to the complaints made against them. At the next trial instruction No. 4 should not be given. It submits a form of verdict to the jury which in no wise conforms to section 7671, Revised Statutes 1909. The court properly refused defendant's instructions C and D. They assumed that the premises were devised to defendant or in other words, that he was a tenant. As we have already stated, under plaintiff's evidence defendant was not his tenant.

The judgment is reversed and the cause remanded. All concur.