ALVIN FLUTY, APPELLANT, v. BEN FLEMENS, RESPONDENT.*—6 S. W. (2d) 1002.

St. Louis Court of Appeals.    Opinion filed June 5, 1928.

*Corpus Juris-Cyc. References: Forcible Entry and Detainer, 26CJ, p. 865, n. 76.

*J. Grant Frye* for appellant.

424

*Hardesty & Limbaugh* for respondent.

NIPPER, J.—This is an appeal from the action of the trial court in sustaining a demurrer to plaintiff's evidence in an action of forcible entry and detainer.

It is rather difficult from a reading of the record to make an intelligent statement of the facts in this case. The plaintiff testified that in February, 1927, he rented the farm in question from defendant; that defendant was to furnish the necessary tools, teams, seed, feed and everything, and give plaintiff one-third of the corn and one-third of the hogs. While plaintiff testified that he rented the farm from defendant, Flemens, who was a railroad engineer, he says the farm belonged to one W. H. Adams. Just how or why plaintiff rented the farm from Flemens is not brought out in the record. Whether Flemens was Adams' agent, or whether it was a subletting of the farm, the record does not disclose. Defendant lived about seven miles from this farm. Plaintiff had cleaned out some ditches, cut some sprouts and sowed some peas. There were two fields in this farm, and about twenty acres in timber. The farm consisted of 115 acres, and plaintiff and his family lived in the farm house on the premises. Immediately prior to plaintiff's taking possession of the premises, there was some one else living in this farm house, but plaintiff, through some arrangements, got possession of the house from the occupant. Plaintiff continued in possession of the premises until about the 22nd day of June following the date of his entering and taking possession of the same. It appears that during the time that plaintiff was not working on the farm he engaged in what he called "logging." On the last-named date, the

date on which plaintiff claims to have been dispossessed, he testified that he had started to town to get some groceries, and that he met defendant and turned around and went back to the house with him; that defendant had a hired man with him, and that when they got nearly to the house he told this hired man to get a team which he pointed out to him. Plaintiff then protested that he didn't need any hired help, that all he needed was the team, at which time, the defendant told him to get out of there and get on his own hill farm, that he (defendant) was running that place, and again ordered the hired man to go catch the team. Plaintiff testified that defendant was very angry, and put his hand on his hip pocket like he was going to shoot; that he was afraid of defendant, and that he went to the house, then went to town and had defendant arrested. He stated that defendant took the team out of the lot and started plowing; that when he got back from town defendant was walking around among the cattle; that defendant kept the team at the "old barn" that night and came down through the field the next day; that defendant stayed in the fields from the day he was arrested until the following Saturday—about five days. During those five days plaintiff did not go into the field to work, but he took care of the hogs in the wood lot next to the house. After about five days defendant went to his home at Chaffee, Missouri. Plaintiff testified that defendant had been back on the farm since that, but had not tried to interfere with plaintiff's possession. Defendant did not take all of the teams away from plaintiff those five days, and plaintiff continued to live in the house on the premises and take care of the hogs and what mules were at the house.

This, we think, sufficiently states the facts that are necessary to a proper determination of this case. The question presented on appeal is whether or not under such a state of facts as we have detailed, the trial court was correct in sustaining the demurrer.

Section 2994, Revised Statutes 1919, provides that if any person shall enter upon land, or other possessions, with force or strong hand, or with weapons, or by breaking open the doors or windows or other parts of a house, or by threatening to kill, maim or beat the party in possession, or by such words or actions as have a natural tendency to excite fear or apprehension of danger, or by entering peaceably and then turning out by force, or frightening, by threats or other circumstances of terror, the party out of possession, and detain and hold the same, the person so offending shall be deemed guilty of a forcible entry and detainer.

Under this testimony, defendant's conduct was such as to perhaps make him guilty of forcible entry, but the testimony is not sufficient to establish the dispossession of plaintiff, and the possession by defendant. Plaintiff continued to live in the house, or at least a house, on the premises, after he had the trouble with defendant, and he exercised possession and control of all the live stock except one team,

although it belonged to defendant, or, we presume it did. The evidence does not disclose what right or authority defendant had to give plaintiff possession, or to take it from him, as there is nothing to show that defendant was either the owner or the agent of the owner. Defendant did stay around the farm for four or five days, and was seen among the cattle and passing through the fields, but the evidence is not sufficient to show that the plaintiff was ousted of possession, and that defendant took possession. At most, defendant was only in possession of a part of the premises for this four or five days, after which, he did not undertake to exercise any control over the farm, nor was he in possession of the premises at the time of the institution of this suit.

In the absence of occupancy or detention (and there is nothing to show anything more than a pretended occupancy or detention of the possession of the premises), defendant's conduct amounted to nothing more than a trespass. [Roberts v. Lynch, 15 Mo. App. 456.] It follows that the trial court's action was correct, and the judgment is affirmed. *Dawes, P. J.,* and *Becker, J.,* concur.